ARNOLD *vs.* MALTBY.

A justice of the peace is authorized to amend the date and return of a summons after it has been served.

And where a summons, issued on the third day of January, 1846, and made returnable on the tenth day of January instant, was by mistake dated January 3, 1845 and having been personally served on the day it was issued, the plaintiff obtained

Arnold *v.* Maltby.

judgment without an appearance on the part of the defendant; *held* that the defect, having been overlooked by the justice, should be disregarded by the common pleas and by this court.

ERROR to the Erie common pleas to review a judgment of that court affirming one rendered in favor of the plaintiff by a justice of the peace. The facts are sufficiently stated in the opinion of the court.

*P. G. Parker*, for the plaintiff in error.

*W. B. Olds*, for the defendant in error.

*By the Court*, JEWETT, J. The ground of error relied on is that there was a year between the date and return of the summons. The statute provides that a summons shall command the constable to summon the defendant to appear before the justice who issued it, at a time and place to be named in such summons, not less than six nor more than twelve days, from the date of the same. (2 *R. S.* 228, § 14.) The return shows that in fact the summons was issued on the 3d day of January, 1846, but it was dated January 3d, 1845, and made returnable on the 10th day of January then instant. It was personally served on the defendant the third day of January, 1846, and judgment was rendered on the tenth day of January in that year. If it had been dated the day it was in fact issued and served, it is agreed it would have been unobjectionable. The defect in the date of the summons was clearly amendable by the justice. (2 *R. S.* 424, §§ 1, 4, 7; *id.* 426, § 10.) It not having been noticed or amended by the justice, the defendant not having appeared or pleaded in the cause, it becomes the duty of this court to amend it, or in other words, to disregard the defect. (2 *R. S.* 425, § 8.) It was the duty of the common pleas to disregard it. (2 *R. S.* 257, § 181.) The judgment should be affirmed.

BEARDSLEY, J., dissented.

Judgment affirmed.