## MATTHEW McINIFFE *vs.* DANIEL WHEELOCK.

A writ, made on the 26th of April 1853, but bearing date of the 26th of May 1853, returnable before a justice of the peace " on the seventh day of May next," and entered on the 7th of May 1853, may be amended, by leave of the justice, after the appearance of the defendant, by substituting the true date.

The appeal from the judgment of a justice of the peace in a civil action, which by Rev. Sts c. 85, § 13, may be taken " at any time within twenty four hours after the entry of the judgment, to the court of common pleas then next to be held in the same county," must be to the court held next after the entry of the judgment, although before the taking of the appeal.

A tender to one, who is in fact the attorney of the creditor, although he deny his authority, is a good tender.

ACTION OF CONTRACT, commenced before a justice of the peace. The writ was made on the 26th of April 1853, returnable on " the seventh day of May next," but it bore date of the 26th of May 1853. It was served on the 30th of April 1853, and entered on the 7th of May following. The defendant appeared and moved that the action be dismissed; and the plaintiff moved to amend his writ by changing its date from May 26th to April 26th. The justice overruled the defendant's motion and granted the motion of the plaintiff. The defendant then filed his answer, and the case was continued by the justice to Saturday, the 18th of June 1853, when he entered judgment for the defendant. On the Monday following (June 20th) the plaintiff appealed to the court of common pleas to be held on the third Monday (20th) of June 1853, and recognized, with a surety, to prosecute his appeal with effect. He entered his appeal accordingly, at said June term, when the defendant appeared and moved " that said appeal and action be dismissed, inasmuch as said appeal was not made until after the term of said court, to be by law holden at Worcester on the third Monday of June, A. D. 1853, had commenced, to wit, the twentieth day of said June, said June term was not the term of said court next to be held in the same county after said appeal." *Perkins,* J. sustained this motion and dismissed the action. From that judgment of dismissal the plaintiff appealed to this court, where the appeal was argued and decided at October term 1853.

*S. H. Allen,* for the plaintiff.

*W. F. Slocum,* for the defendant.

Metcalf, J.   Two questions have been argued in this case, *first,* whether the amendment of the plaintiff's writ was properly allowed, and *second,* whether the appeal from the justice was rightly taken to the June term of the court of common pleas.

1.  We are of opinion, both upon the statute and the decisions under it, that the amendment of the writ was properly allowed. The defendant understood the time intended for his appearance, and he appeared accordingly.  The misdating of the writ, therefore, did him no harm.   If he had not appeared, the amendment might not have been allowable.   It would not have been allowable under *St.* 1784, *c.* 28, § 14.   *Bell* v. *Austin,* 13 Pick. 90.

The Rev. Sts. *c.* 100, § 22, authorize courts, at any time before judgment, to allow amendments, either in form or substance, of any process, pleading or proceeding in any civil action.   This authority is precisely the same that is given to the courts of New York by the revised statutes of that state.   Under our statute provision, amendments have been held allowable which cannot be distinguished in principle from that now in question.   Thus in *Cragin* v. *Warfield,* 13 Met. 215, a plaintiff was allowed to fill a blank in his writ, by inserting the amount of his alleged damages; and in *Kimball* v. *Wilkins,* 2 Cush. 555, a plaintiff was allowed to substitute, in his writ, the name of the town where the court was held, for the name of another town which he had inserted by mistake.   And under the Rev. Sts. of New York, it is held that a justice may allow an erroneous date of process to be amended, by changing the year 1845 to 1846, and thus making it appear that the service thereof was not made longer before the return day than the law of that state permits. *Arnold* v. *Maltby,* 4 Denio, 498.   See also *Bragg* v. *Greenleaf,* 14 Maine, 395.

2.  We are also of opinion that the appeal was rightly taken to the June term of the court of common pleas.   The provision in the Rev. Sts. *c.* 85, § 13, is, that "any party aggrieved by the judgment of a justice of the peace in any civil action, may, at any time within twenty four hours after the entry of the judg-

ment, appeal therefrom to the court of common pleas then next to be held in the same county." The *St.* of 1783, *c.* 42, § 6, authorized an appeal from a justice's judgment " to the next court of common pleas to be held within the same county; " but no time was prescribed, within which the appeal should be claimed. Under that statute, the whole of the return day, or of the day of trial, was regarded, in practice, as the session of the justice's court; and an appeal, claimed at any time during such day, was supposed to be seasonable; otherwise, of an appeal claimed on the next day, though within twenty four hours from the entry of the judgment. Howe's Pract. 442. The commissioners, who were appointed to revise the statutes, reported the eighty-fifth chapter, without inserting any time within which an appeal from the judgment of a justice should be claimed; leaving the matter as they found it in *St.* 1783, *c.* 42. But the committee of the legislature, to whom the commissioners' report was referred, inserted, in § 13, the words " at any time within twenty four hours after the entry of the judgment; " and the section, thus altered, passed to be enacted. The question now is, whether " the court *then* next to be held," and to which the appeal is to be taken, is the court to be held next after the entry of the judgment, or next after the taking of the appeal. We are of opinion that it is the court to be held next after the entry of the judgment. It certainly must have been so under *St.* 1783, *c.* 42, according to the construction given to that statute; because the appeal must have been taken during the day on which judgment was entered. A court of common pleas held on that day would not be " the next court; " but a court held on the next day would be. Under that statute, the present plaintiff must have claimed his appeal during Saturday, or have lost his right of appeal; and he must have entered it at the court held on the next Monday. And the only change made in that statute, by the Rev. Sts. *c.* 85, § 13, is to allow a party, after entry of a judgment by which he is aggrieved, twenty four hours within which he may claim an appeal, instead of requiring him, as the former statute was supposed to require him, to claim it during the day on which judgment is rendered. The shortness of the time allowed to a

party to consider whether he would appeal, and to claim an appeal, was the only evil that was complained of in the old statute; and the change that was made was intended to remedy that evil. Neither the purpose nor the language of that change warrants a belief that any alteration was intended to be made in the time of entering an appeal in the court of common pleas. "The court then next to be held" in Rev. Sts. c. 85, § 13, means the same that "the next court to be held" meant in *St.* 1783, c. 42, § 6; namely, the court held next after the entry of judgment by the justice.

The twenty four hours, allowed to a party to claim an appeal, must be hours exclusive of Sunday; for the reasons given in *Penniman* v. *Cole*, 8 Met. 496. In the present case, it is not denied by the defendant that the appeal was taken within twenty four hours thus computed. As judgment was entered against the plaintiff on Saturday the 18th of June, and as the next court of common pleas was held on Monday the 20th, the appeal was rightly entered at that court.

The judgment of the court of common pleas, by which the action was dismissed, is set aside, and the case is to be sent back to that court to be proceeded in.

A trial was accordingly had in the court of common pleas, before *Hoar*, J. at June term 1854, when the only issue tried was on the defence of tender. The evidence was that the account had been left by the plaintiff with an attorney at law for collection, and that the alleged tender was made to said attorney. The plaintiff requested the judge to instruct the jury that a person, to whom a tender is made, has the right to decide, at the time, whether he is the attorney of the plaintiff, and authorized to accept or reject it, or not. But the judge declined to do so; and instructed the jury, that whether he was attorney for the plaintiff was a question of fact, and that if he was the attorney of the plaintiff when the demand was left with him for collection, and had not surrendered his authority, and it had not been revoked, he would continue to be the plaintiff's attorney, although he said he was not, and a tender made to him would be good.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. H. Allen*, for the plaintiff.

*W. F. Slocum*, for the defendant.

The following authorities were cited: 2 Greenl. Ev. § 606. 3 Steph. N. P. 2601. 3 Stark. Ev. (4th Amer. ed.) 1394. *Crozer* v. *Pilling*, 4 B. & C. 26. *Wilmot* v. *Smith*, 3 Car. & P. 453, and Mood. & Malk. 238. *Bingham* v. *Allport*, 1 Nev. & Man. 398. *Blow* v. *Russell*, 1 Car. & P. 365. *Moffat* v. *Parsons*, 5 Taunt. 307. *Derwort* v. *Loomer*, 21 Conn. 255. 5 Dane Ab. 499.

DEWEY, J. A tender to an attorney at law, with whom a demand has been left for collection, is a tender to the principal, and equally valid to support a plea of tender. The only question would be as to the fact of the agency being a subsisting one at the time of the tender. The cases, where a disclaimer, by the person to whom a tender has been made, of his authority, has been allowed to operate to defeat the tender, will be found to be cases, where, without any such agency subsisting in fact, yet from the peculiar position of the person, as having apparently the charge of the business of the creditor, or of the office of an attorney who was his authorized agent, in his absence, such apparent position of the person as agent would have authorized a tender to him, the party having no notice that he had no authority or agency to act in the matter. In such cases, upon a disclaimer, or notice to the party making the tender, of the fact that the agent was not authorized to receive the money, such tender has been held not to be valid and binding upon the principal. But such notice or disclaimer must be in accordance with the truth that such agency has never existed, or has been revoked, or ceased to exist; and will not defeat a tender, when the agency or authority in fact exists at the time. The ruling was correct. *Exceptions overruled.*