## P. Q. Harrison

### v.

### Ann Hart and Francis Hart, Executors, etc.

Scire Facias *to make Third Person Party to a Judgment—Pleading—Defenses—Former Judgment—Contradiction of False Return—Review of Authorities.*

1. Upon *scire facias* to make a third person a party to a judgment, rendered upon a former judgment of the same court against him and the defendant in the last judgment, it is *held:* That every good defense must be a defense against the former judgment and not against the note or account on which it was founded; that the defenses, *non assumpsit, non est factum* and *nil debit*, were irrelevant, even if the plea setting them up was not bad for duplicity; and that a rejoinder to a replication averring that the record of the judgment and return showed personal service, which avers that said return is false, is insufficient at law.

2.   Where an officer's return, appearing in the record of a former adjudication, shows an actual personal service, it can not be contradicted in a collateral proceeding at law by evidence *dehors* the record.

[Opinion filed December 1, 1886.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. BROWN & KIRBY, for appellant.

The real question presented by this record is whether a party defendant can be permitted to contradict the return of the Sheriff or whether he must submit to a judgment and take his chances for indemnity in an action against the Sheriff for a false return.

As between the original parties and their representatives, an officer's return is but *prima facie* evidence of its truth, and may be contradicted.   Sibert v. Thorp, 77 Ill. 43; Owens v. Ranstead, 22 Ill. 161; Brown v. Brown, 59 Ill. 315; Hickey v. Stone, 60 Ill. 458; Ryan v. Lander, 89 Ill. 554; Union Nat. Bank v. First Nat. Bank, 90 Ill. 56; Chicago Electric Co. v. Congdon Brake Co. 111 Ill. 309.

A similar rule has been announced in the States of Connecticut and Wisconsin.   Watson v. Watson, 6 Conn. 334; Case v. Bank, 16 Wis. 52.

The English rule that the return of the Sheriff can not be contradicted has been relaxed in this country.   Ryan v. Lander, 89 Ill. 554.

To deny a person the right to contradict the return is the equivalent of saying that the judgment may be rendered by a court against a person without notice and without jurisdiction of his person.

If a sale had taken place under the original judgment, and a stranger had purchased upon the faith of the record, we will admit that at law the appellant could not question the return, as against the innocent purchaser, but would at law be remitted to his action against the officer for a false return.

Mr. JOHN A. BELLATTI, for appellees.

The cases wherein the Supreme Court have held that the return of the Sheriff is only *"prima facie* evidence of the facts therein stated, and may be put in issue by plea in abatement before judgment," are cases where the court have not yet passed upon the return, and found that it had jurisdiction, and the return was therefore only the testimony on oath of the officer, and to hold that it might be contradicted was certainly right. But in this case, the return of the officer has attained to the dignity of the record of the Circuit Court; that is to say, the Circuit Court found that the party had been duly served with process and that the court had jurisdiction of his person, and thereupon rendered judgment against him, and the summons and the return thereupon became a part of the record of that judgment, and can not be contradicted. Hunter v. Stoneburner, 92 Ill. 75; Barnett v. Wolf, 70 Ill. 76; Zepp v. Hagar, 70 Ill. 223; Harris v. Lester, 80 Ill. 307; Welch v. Sykes, 3 Gilm. 197; Bimeler v. Dawson, 4 Scam. 536; Hall v. Williams, 6 Pick. 232.

The above cases established the rule: "That if the record shows affirmatively that the defendant was personally served with process, it furnishes conclusive evidence of that fact, and the defendant can not controvert it."

PLEASANTS, P. J. This was a *sci. fa.* to make appellant party to a judgment of the Circuit Court of Morgan County rendered at the May term, 1881, in favor of the testator of appellees, against Benjamin Berry, who was impleaded with him, appellant not being found.

He filed two pleas. The first averred that said judgment was rendered upon a former judgment of the same court, rendered November 22, 1872, in favor of the same plaintiff against said Berry and this defendant, for $610.25 damages, $7.85 costs, and that in said case the court did not have any jurisdiction of the person of this defendant; that no process of summons was ever served in said cause upon him, and he did not in any way submit himself to the jurisdiction of said court, and it did not have any jurisdiction to render said judgment against him.

The second avers that said first judgment was rendered in an action of assumpsit brought upon a promissory note, alleged to have been executed by said Berry and this defendant to said Matthew Hart, and that this defendant did not undertake and promise as alleged in the declaration therein; that he did not make and deliver the promissory note therein described; that said note was not his act; that he did not owe and was not indebted to said Hart as was alleged in said declaration in any sum, either upon said note or any other cause of action whatever. It also avers that the court did not have jurisdiction of the person of this defendant; that he was not served with process and did not appear nor in any other way, manner or form submit himself to the jurisdiction of said court whereby it could or did have jurisdiction to render said judgment against him.

To this second plea the plaintiffs interposed a special demurrer for duplicity, which was sustained.

To the first they filed a replication that the record of the proceedings and of the judgment rendered November 22, 1872, in said cause, now remains in this, the said Circuit Court of Morgan County, and that the said record shows that said court in said cause did have jurisdiction of the person of said defendant Harrison, and shows personal service of process therein upon him.

Defendant rejoined that the summons in said cause was not served upon him by reading or otherwise, and that the return of said summons wherein it appears that the same was served upon him, was and is untrue and false.

A demurrer to this rejoinder was sustained, and the defendant abiding, judgment was entered, making him party to the judgment of May term, 1881, in the usual form, and he appealed.

The errors assigned are that the court sustained these demurrers and rendered the judgment it did. Since the decisive question in the case arises upon the demurrer to appellant's rejoinder, we have not anxiously considered the objection to the second plea. At first blush it would seem to be very badly affected with duplicity, for it sets up, first—a com-

plete defense to the judgment in the original suit on which
the last was brought, that the court had no jurisdiction of the
defendant's person, and then several defenses to the causes of
action on which it might have been rendered—*non assumpsit,
non est factum* and *nil debet*. But perhaps upon further re-
flection the fault may be found to be superfluity only. The
judgment to which it was here sought to make the defendant
a party was rendered in an action of debt upon a former
judgment alone. Whatever were the causes of action under
the special or common counts of the declaration in the original
case, were treated as merged in the judgment. Every good
defense must therefore be a defense against that judgment
and not against the note or account on which it was founded,
and hence these defenses, *non assumpsit, non est factum* and
*nil debet*, being applicable only to the causes of action which,
according to the declaration in the second suit, had become
merged in that judgment, were irrelevant in an action upon
the judgment alone. Treating them, then, as surplusage, the
plea was but a duplicate of the first, that the judgment was
void for want of jurisdiction of the defendant's person, and
the replication to the first was in substance an answer to both.
Was it met by a sufficient rejoinder ?

That an averment against the record in a collateral pro-
ceeding at law is inadmissible, is well understood. But it is
claimed that an officer's return of process is not such a record
as is conclusive under the rule, but is only *prima facie* proof
of the facts therein stated, according to the tendency and
scope of modern authorities. At common law it was conclu-
sive, and the only remedy for a false return was an action for
damages against the officer. But it is true that under the
practice prevailing generally in the United States, by which
service is allowed to be made, and with like effect as if actually
personal, by leaving a copy at the usual place of defend-
ant's residence with a member of his family over a specified
age, and the officer is to be the judge of these facts, the
reason which supported this rule in England is materially
weakened, as is well shown in Bond v. Wilson, 8 Kan. 228.
The rule itself has therefore been relaxed in several cases by

the courts of the different States so that, as here applied, it is by no means uniform. Our own Supreme Court has had frequent occasion to consider the subject, and we deem it unnecessary to look beyond its decisions for a solution of the present question.

From these it appears that because in many cases the remedy for a false return by action against the officer is inadequate, equity will relieve against a judgment entered upon it. Owens v. Ranstead, 22 Ill. 161; Hickey v. Stone, 60 Ill. 458.

So also it will set aside a default entered upon such return, on motion promptly made and sufficiently supported by affidavits. Brown v. Brown, 59 Ill. 315.

And at law an officer's return of service is not *per se* such a record as imports absolute verity, but is so far only *prima facie* evidence of the matters therein recited that it may be put in issue before judgment, by plea in abatement verified by affidavit and interposed at the earliest opportunity. Mineral Point R. R. Co. v. Keep, 22 Ill. 9; Holloway v. Freeman, 22 Ill. 197; Sibert v. Thorp, 77 Ill. 43; Ryan v. Lander, 89 Ill. 554; Chicago National Bank v. First National Bank, 90 Ill. 56; Chicago Electric Co. v. Congdon Brake Co., 111 Ill. 309.

It is further held that where the return or finding in the record of a court of general jurisdiction of a sister State, which, under the Federal Constitution, stands on the footing of a domestic judgment, shows that the service was not actually personal, but by leaving a copy at his residence etc., it is only *prima facie* proof of jurisdiction of the person, and therefore may be contradicted and overcome. Bimeler v. Dawson, 4 Scam. 536; Welch v. Sykes, 3 Gilm. 197.

But where the return or finding shows an actually personal service or appearance, the holding seems to have been constant that it can not be contradicted by evidence *dehors* the record. It was so held in Rust v. Frothingham, Breese, 258 (Beecher's Ed. 331), in the last two cases above cited, and in Barnet v. Wolf, 70 Ill. 76; Zepp v. Hager, 70 Ill. 223; Harris v. Lester, 80 Ill. 307; Hunter v. Stoneburner, 92 Ill. 75.

In the case at bar, as has been seen, the replication averred that the record of the judgment and the return showed per-

sonal service of the process upon the defendant. The rejoinder admits they do, but avers they are not true.

Upon the authorities above cited we are of opinion that this was insufficient at law and therefore that the demurrer was properly sustained.

*Judgment affirmed.*