### LINDSAY *v.* TANSLEY.

*(Supreme Court, General Term, Fifth Department.* April 13, 1892.)

JUSTICE OF THE PEACE—RETURN OF SUMMONS—OBJECTIONS.

    The provision of Code Civil Proc. § 2877, that in actions before a justice of the peace the summons must be returnable at a time therein specified, not less than 6 nor more than 12 days after the date when issued, is not jurisdictional, and a defendant, in order to avail himself of any irregularity of such kind, must appear before the justice and there make objection.

Appeal from Genesee county court.

Action by John Lindsay against L. S. Tansley. From a judgment of the county court affirming a judgment for plaintiff rendered by a justice of the peace, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*William E. Prentice,* for appellant. *H. B. Cone,* for respondent.

MACOMBER, J. This action was brought upon a promissory note executed by the defendant. The summons of the justice of the peace was properly served upon the defendant on the 26th day of June, 1891, and was returnable on the 6th day of July of that year. The defendant made default before the justice of the peace, and judgment was accordingly taken against him upon proper evidence. On appeal to the county court the point was made for the first time for the counsel for the defendant that inasmuch as the return of the justice of the peace showed that the summons was issued on the 22d day of June, 1891, more than 12 days before the return thereof, the justice had not jurisdiction to hear the case, and that, consequently, the judgment pronounced by him should be reversed. Section 2877 of the Code of Civil Procedure provides that the summons must be returnable at a time therein specified, not less than 6 days nor more than 12 days after the date when it was issued. We are of the opinion that this direction of the Code is not jurisdictional, but that it relates to practice and procedure only, and that in order for a party to avail himself of an objection of this character it is incumbent upon him to appear before the justice and to raise the question. Undoubtedly, had the defendant so acted, and it had been made to appear to the justice as a matter of fact that the summons was actually issued more than 12 days before the date of its return, he would have dismissed the case. In the return made by the justice to the county court it appears that the summons was dated on the 22d day of June, 1891, and the justice, without having his attention called to the fact, certified that it was issued on that day. The appellant's counsel insists that such fact appearing in the return of the justice is conclusive, and that the defect is available upon appeal. In this we cannot concur with him. We think it is incompetent for the appellant, by pointing out mere verbal defects in a record made by a justice in his return, to insist upon the reversal of the judgment when such defect, if it in fact existed, might have been obviated at the trial or shown to have been a mistake in fact. It was the duty of the defendant, in order to avail himself of any supposed irregularity of this kind, to appear and raise the question at the inception of the case. It follows that the judgment appealed from should be affirmed.

Judgment of the county court of Genesee county, appealed from, affirmed, with costs. All concur.