FRANK J. HELMICK, Respondent, *v.* LESTER CHURCHILL, Appellant.

*Justice's Court — where a defendant fails to appear, after demanding a jury trial the justice may try the cause.*

An appellate court will not be astute to discover errors in trials conducted by justices of the peace where one of the parties has made a default; the judgments of such justices are to be sustained by every reasonable and warrantable intendment.

An action was tried in a Justice's Court before a jury demanded by the defendant, but the jury were unable to agree and were discharged. An adjourned day was agreed upon when another jury was to be drawn, and upon that day a jury, which had been summoned, appeared but were not sworn; the defendant did not appear, and the justice, after waiting more than an hour, dismissed the jury and tried the case himself.

*Held,* that the defendant had, by his default, waived his right to a trial by the jury, and that the action of the justice in trying the case himself was justified.

APPEAL by the defendant, Lester Churchill, from a judgment of the County Court of Chautauqua county, entered in the office of the clerk of the county of Chautauqua on the 14th day of March, 1895, upon the decision of the court affirming a judgment rendered by a justice of the peace.

*James L. Weeks*, for the appellant.

*Dewitt C. Reilly*, for the respondent.

WARD, J.:

Upon the return day of the summons issued by the justice the plaintiff complained in an action on contract, and sought to recover for work and labor done for the defendant, and for damages by reason of a breach of contract to remove for defendant certain buildings and tools, and demanded judgment for thirty dollars and costs. The defendant answered, denying each and every allegation contained in the complaint, and demanded a jury for a trial of the issue. A jury was drawn, sworn, and the trial was had before them, but they were unable to agree and were discharged. The parties agreed that another jury should be drawn for an adjourned day that was fixed. A venire was issued by the justice for the adjourned day, and upon that day a jury appeared, but were not sworn. The plaintiff appeared, but the defendant did not, and the justice, after waiting an hour and twenty minutes, dismissed the jury and proceeded to try the cause, and heard the proofs and allegations of the plaintiff, and rendered a judgment for him of twenty-nine dollars, damages and costs.

The appellant alleges as errors that the justice had no jurisdiction to try the cause, but should have impanelled and sworn the jury, and had the evidence submitted to them and taken their verdict, also that the evidence was insufficient to justify the judgment, and that the justice adopted a wrong measure of damages.

Although the defendant had demanded a jury, he could waive such jury by consent in open court (*Hosford* v. *Carter*, 10 Abb. Pr. 452), and he could also waive the jury by his neglect to appear on adjourn day, and the justice could proceed to hear the cause without a jury. (*Kilpatrick* v. *Carr*, 3 Abb. Pr. 117.)

Section 2995 of the Code of Civil Procedure provides for the drawing of the jury, and that if a person whose name is drawn is challenged and set aside, or is excused, another ballot must be drawn, and so on successively until the required number of jurors is obtained, and that the parties might elect to try the cause by a less number than six jurors, etc. The Code contemplates the presence of both parties when the jury is to be selected. If the plaintiff abandons

the case it is dismissed, and the jury is discharged. If the defendant fails to appear the plaintiff is not turned out of court, but may proceed without a jury.

The appellant cites section 2861 of the Code of Civil Procedure, which provides that a justice of the peace has such jurisdiction in civil actions as is specially conferred upon him by statute, and no other, and then cites section 2989 of the Code, which provides that where an issue of fact has been joined, if neither party demands a trial by jury, the justice must try the issue and hear the allegations and proofs of the parties. These sections must be construed in connection with the other provisions of the Code upon the subject, and considered in the light of the purpose of the statute providing for trials in Justices' Courts. That purpose manifestly is to confer upon a party the right to a jury trial where he continues in the contest to the end, but not where he is in default, and abandons the action and the court in which it is pending. We are of the opinion that there was no error in the proceeding of the justice in this regard.

As to the other question raised by this appeal we have examined the evidence, and while it is not very full or conclusive it is sufficient, uncontradicted, if credited by the justice, to sustain his judgment. The appellate courts will not be astute to discover errors in proceedings of a justice of the peace in cases of default where a defendant refusing to attend upon a trial awaits his chance of finding some error by which the judgment can be reversed, and the rule is well stated in *Schoonmaker* v. *Spencer* (54 N. Y. 366) that it is the uniform practice of the courts in reviewing proceedings had before a justice of the peace, if possible, to sustain them by every reasonable and warrantable intendment.

The judgment appealed from should be affirmed, with costs.

LEWIS, BRADLEY and ADAMS, JJ., concurred.

Judgment of the County Court affirmed, with costs.