(15 App. Div. 227.)

PROCTOR v. WHITCHER.

(Supreme Court, Appellate Division, Third Department. March 12, 1897.)

1. ATTACHMENT IN JUSTICE'S COURT—SERVICE OF SUMMONS AND WRIT.
The constable's return of service of the summons and the writ on a defendant who could not be found in the county is insufficient where it fails to state, as required by Code Civ. Proc. § 2910, that he left copies at defendant's last place of residence in the county, and that the copy was certified.

2. SAME—AFFIDAVIT—FACTS SHOWING FRAUD.
An affidavit for attachment does not state facts showing a fraudulent intent where it merely alleges that defendant left the county some time ago, and remains away; that he is disposing of what property he has in the county as fast as possible; that he owes many debts in the county; and that he has given an order to a third person to take from plaintiff's possession a buggy, which is the only property plaintiff has with which to secure his debt against defendant.

Appeal from St. Lawrence county court.

Action by Leonard J. Proctor against Charles F. Whitcher. A justice's judgment in favor of plaintiff was affirmed, and defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Sellar Leishman, for appellant.
Horace D. Ellsworth, for respondent.

PER CURIAM. The defendant appeared by attorney specially and only for the purpose of moving to set aside the warrant of attachment, because the summons was not properly served, and because of the insufficiency of the affidavit upon which the attachment was issued. The constable made separate returns of the service of the summons and of the attachment. He returned that on August 3, 1896, he "served the within summons on the defendant Charles F. Whitcher, at the town of Waddington, by delivering and leaving with Joseph G. Taylor, his agent, personally, a true copy thereof." He made return that on August 3, 1896, he "left certified copy of attachment and inventory at the Taylor house, the last place of residence of the defendant, in Waddington, with Mr. J. G. Taylor, de-

fendant's agent, who resided at the place last aforesaid mentioned, defendant not being in the county at the time." Section 2910, Code Civ. Proc., prescribes the requisites of service. The return of the service of the summons is defective in the constable's failing to return that the copy was certified, and that he left it at the last place of residence of the defendant in the county, with a person of suitable age and discretion. The return upon the attachment does not state that the certified copy was left with a person of suitable age and discretion, or at the last place of residence of defendant in the county. If, as is probable, we can read the two returns together, we should not then have the specification of all the particulars the section requires. It is probable that the omissions might have been supplied, but, as they were not, we cannot supply them.

The affidavit upon which the attachment was issued states that the defendant, "some time ago, left Waddington and the county of St. Lawrence, where he last resided, and deponent believes with intent to defraud his creditors, and remains away for the purpose." This statement of belief should be fortified by some statement of facts tending to show that it was well founded. The facts stated in the affidavit are: (1) That the defendant left the county some time ago, and remains away; (2) that he is disposing of what property he has in the county as fast as possible; (3) that he owes many debts in St. Lawrence county; (4) that he has given an order to one Ira G. Taylor, of Waddington, to take from the possession of plaintiff a buggy, which is the only property plaintiff has with which to secure his debt against defendant. These facts do not of themselves show a fraudulent purpose. No fact is stated which gives us any clue to the defendant's intent, whether fraudulent or not. We think the affidavit insufficient.

Judgment of the county court and of the justice of the peace reversed, with costs.