Motion to confirm the report of the commissioners granted.

---

GEORGE F. BELL and CHARLES E. BELL, Respondents, *v.* THOMAS J. MORAN, Appellant.

*Justice's Court — when a defect in the affidavit of justification of a surety upon an undertaking on an attachment is not jurisdictional and the affidavit may be amended — when the attachment may be read with the return of service of the process to cure a defect in the return — review by the County Court of a justice's judgment taken by default.*

A defect in an affidavit of justification upon an undertaking given to procure an attachment in an action brought in a Justice's Court, consisting in the fact that the affidavit, while actually subscribed and sworn to by the surety, purports in the body thereof to have been made by one of the plaintiffs, is not jurisdictional, and the justice may properly allow an amendment thereof under subdivision 6 of section 3347 of the Code of Civil Procedure, which makes the provisions of sections 728–730 of that Code, relative to defects in affidavits, bonds and undertakings, applicable to proceedings in Justices' Courts.

Where the return of service of an attachment does not state why it was not served upon the defendant personally, as required by section 2915 of the Code of Civil Procedure, but it fairly appears from both the attachment and the return that the non-residence of the defendant, which is stated in the attachment, was the reason for such failure to make personal service, the County Court may, for the purpose of sustaining the judgment, read the two papers together.

The rule that, in reviewing a judgment of a Justice's Court, the County Court must sustain it unless a vital error has been committed, is especially applicable where the judgment was rendered upon the defendant's default.

APPEAL by the defendant, Thomas J. Moran, from a judgment of the County Court of Cattaraugus county, entered in the office of the clerk of the county of Cattaraugus on the 22d day of December, 1897, affirming a judgment of a justice of the peace.

*P. S. Collins*, for the appellant.

*M. B. Jewell*, for the respondents.

Judgment affirmed, with costs, on the opinion delivered by KRUSE, county judge of Cattaraugus county.

All concurred.

The following is the opinion delivered by KRUSE, County Judge:
KRUSE, County Judge:

No defense was made in the court below to the merits of the
plaintiff's claim, but the appellant now challenges the plaintiff's right
of recovery upon the evidence and also seeks to avoid the effect of
the judgment, and asks its reversal upon the ground that the attach-
ment should have been vacated, the judgment being *in rem,* as no
personal service of process was made upon the defendant.

The particular grounds upon which this objection is based are the
return of the officer who served the attachment and the form of the
affidavit of justification accompanying the undertaking given on
plaintiff's behalf. I will consider these objections in the reverse
order in which I have stated them.

1. The affidavit of justification appears to have been subscribed
by the surety, but in the body purports to have been made by one
of the plaintiffs, and, therefore, apparently relates to his financial
condition and qualifications. It is quite apparent that this occurred
through inadvertence. The appellant's counsel contends that this
alleged defect is jurisdictional. In this I think he is in error. By
subdivision 6 of section 3347 of the Code of Civil Procedure, the
provisions of the Code (§§ 728–730) as to defects in affidavits,
bonds and undertakings are made applicable to proceedings in Jus-
tice's Court, and under these provisions amendments of a more seri-
ous nature have been made without affecting proceedings or impair-
ing their validity. (*Kissam* v. *Marshall,* 10 Abb. Pr. 424, and
note; *Riley* v. *Skidmore,* 24 N. Y. St. Repr. 724; *Hyatt* v. *Dusen-
bury,* 5 id. 846, 849; *Clark* v. *Hooper,* 52 id. 631, 633; S. C., 69
Hun, 445; *Dale* v. *Gilbert,* 40 N. Y. St. Repr. 353.)

It is to be observed that the justification is no part of the under-
taking; its only purpose is to establish the sufficiency of the surety,
and the liability of the surety upon the undertaking is in no manner
affected thereby.

It is, however, suggested that the attempt to remedy the defect
the justification was abortive and ineffectual. The return is not
very clear as to just what took place nor just what the form of the
affidavit of the surety was. It appears that when the objection to
the insufficiency of the affidavit of justification was made, a motion
was immediately made to amend the defect, and that this was objected

to. The return of the justice states that John Pratt, the surety, was sworn in support of the motion. The minutes of the justice, attached to and forming a part of the return, set forth that the motion was made to insert the name of John W. Pratt in the place of George F. Bell, on the ground that it was a mistake in writing the name of Bell instead of Pratt, and that Pratt, the surety, is the one who actually swore to the affidavit. Pratt was sworn, and stated that it was his signature to the affidavit, and that he swore to the affidavit at the time. The amendment was allowed. The original affidavit of justification does not seem to be changed, and whether another affidavit was made, or just what the details of the proceeding were do not appear. It is the duty of the appellant to point out affirmatively the errors. No presumption will be indulged in that an error has been committed in the court below, and it cannot be said that this affidavit of justification was insufficient after the proceedings had taken place before the justice to remedy the defect. Then, again, the defendant objected to the form of the original justification and to any amendment thereof. The attention of neither the justice nor the plaintiffs was directly called to the point that the proceedings with reference to the amendment were ineffectual and the justification still defective. If the defendant still desired to raise the question after the amendment had been allowed he should have so stated specifically, and renewed his objections, calling the attention of the court below to the defect. But the counsel for the appellant then claimed and now claims that the defect was jurisdictional and that the justice had no right to permit the amendment to be made. As has been stated, this claim is untenable.

2. Another objection urged as a ground for vacating the attachment, and which it is contended invalidates the judgment, is that the return of the officer who executed the attachment is insufficient and fatally defective in not affirmatively showing that the defendant had no place of residence in the county.

Section 2910 of the Code of Civil Procedure provides the manner of serving the summons and warrant of attachment in order to make the seizure under the attachment effectual. That part of the section which directly applies to the case is, " Or if the defendant has no place of residence in the county, by delivering it to the person in whose possession the property attached is found." Section 2915

requires the officer to make a return, stating, among other things, the manner in which the warrant and inventory were served, and if otherwise than by delivering a copy thereof to the defendant personally the reason therefor, and the name of the person to whom the copy was delivered, unless the name is unknown to the constable, in which case the return must describe him so as to identify him as nearly as may be. It will be seen that where the defendant is a nonresident of the county the papers may be delivered to the person in possession of the property attached. While the return does not specifically state the reason for not serving the defendant personally to be that he was a non-resident, it does, however, upon the face of the attachment, appear that the defendant was not a resident of the State. And, assuming that the alleged omission is a vital objection, and that it has not been waived, I think that this statement in connection with the indorsement of the officer thereon makes the reason quite apparent for not serving the defendant personally, and that, for the purpose of sustaining this judgment, the two may be read together. It was so intimated with reference to two returns upon different papers in *Proctor* v. *Whitcher* (15 App. Div. 227). It seems to me that the objection was hardly proper as a ground for vacating the attachment. While the question was presented in the case last referred to in that form, yet there was another ground urged, and it does not appear that the court passed specifically upon the question with reference to the defective return. I have carefully examined the brief of the counsel for the appellant, which shows great research, but I do not think that the authorities referred to are at variance with the views which I have expressed.

I think the evidence sufficient to uphold the judgment, and that the other questions raised by the appellant and which I have not overlooked, are insufficient to justify the setting aside of the judgment. It is a rule well established that County Courts are required in reviewing a judgment of a Justice's Court to sustain it unless some vital error has been committed, and this is especially true as regards a judgment taken by default where a defendant refuses to attend upon a trial, taking his chances of finding some error by which the judgment can be reversed. (*Helmick* v. *Churchill*, 92 Hun, 524.)

Judgment affirmed.