ISABELLA BISHOP *vs.* FRANK P. DONNELL.

Suffolk.   January 14, 1898. — August 30, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Writ of Error — Validity of Service of Writ and of Judgment.*

Where the defendant in the original action was not misled by the mistake in the date of the original summons, which was duly served, and he had full opportunity to appear and defend the action, and where no error appears in the record itself and the defect was one which might have been amended if the attention of the court had been called to it, but the defendant lay by and made no defence, although he was aware of the pendency of the action, he cannot be heard by writ of error, and he ought not to be heard in any form of proceeding to contest the validity of the service and judgment.

WRIT OF ERROR, to reverse a judgment of the police court of Chelsea, rendered in an action of contract brought by the defendant in error against the plaintiff in error. Plea, *in nullo est erratum.* At the hearing in this court, before *Knowlton*, J., it appeared that, on November 7, 1896, the summons in the original action was delivered to the plaintiff in error by an officer, who

testified that he then told her when she was to appear at court, and that she told him what the suit was for. The plaintiff in error admitted that, at about ten o'clock on November 14, 1896, she, with her husband and her attorney, was on the stairway of the building in which the police court of Chelsea is regularly held, which stairway leads to the hall adjacent to the police court room, and that she was then told by the attorney that the writ in the original action against her was returnable before the police court on that day and at about that hour, and that the date intended to be inserted in the summons served upon her was October 29, 1890, instead of October 29, 1896. It also appeared that the attorney went into court and examined the writ, and came away without informing the court or the attorney of the plaintiff in the original action of the mistake in the date of the summons. The return of the officer was in the usual form, setting forth due service of a summons upon the defendant.

The justice found as a fact that the plaintiff in error knew of the mistake in the date of the summons before the time for appearance, and that she purposely refrained from appearing in answer to the suit on account of the mistake.

The counsel for the plaintiff in error contended as follows:

" 1. That the plaintiff in error had not been served with original process in contemplation of law. 2. That she had in no degree waived her right thereto by appearance or otherwise. 3. That, as matter of law, neither the said so called summons, which was lacking in not containing precise and correct notice of the time of the holding of the court at which she was called upon to appear, nor the information obtained as aforesaid in contradiction of that contained in the so called summons, made her responsible to the police court of Chelsea ; that there was absence of notice to her to attend, such as she was bound in law to respect ; and that she was entitled to have the judgment reversed."

Inasmuch as the record showed due service, and no error was apparent of record, the justice was of opinion that the plaintiff in error had a remedy against the officer who served the writ in an action at law for making a false return, to recover the damages caused thereby, if any, and that she was not entitled to a remedy in this form of proceeding, and refused to rule as requested ; and the plaintiff in error alleged exceptions.

*G. A. Emerson,* for the plaintiff in error.

*W. J. Williams,* for the defendant in error, submitted the case on a brief.

FIELD, C. J. The tendency of modern decisions is to the effect that a domestic judgment may be reviewed or reversed by a proper proceeding between the parties when there has been in fact no legal service of process and no appearance in the cause, even although the proof of such facts tends to contradict the record. The remedy by a suit against the officer for a false return often is inadequate, particularly when a large judgment has been rendered against a defendant without any service upon him, and without his knowledge. The return by an officer of service of process usually is held conclusive in collateral proceedings, but as the facts stated in the return are not facts within the knowledge of the court, it is generally held that the record in this respect may be impeached by the party directly aggrieved by it if it is false. In the case of a suit on a foreign judgment, the judgment may be impeached by pleading and proving in defence to the suit that the foreign court in fact acquired no jurisdiction over the defendant, although the record of the case recites due service on him or an appearance by his attorney, and this is true in a suit on a domestic judgment where the defendant was not resident within the Commonwealth when the suit was brought in which the judgment was rendered. The proper proceeding in this Commonwealth for reviewing or reversing a domestic judgment, when the defendant was not resident within the Commonwealth when the suit was brought in which the judgment was rendered, is a writ of error, although such a defendant may also have a writ of review, which is not a writ known to the common law. If the defendant was resident within the Commonwealth when the suit was brought, the proper proceeding is a writ of review, or a petition for a writ of review, and there are dicta to the effect that he may also bring a writ of error. *Kimball* v. *Sweet,* 168 Mass. 105. *Hall* v. *Staples,* 166 Mass. 399. *American Tube & Iron Co.* v. *Crafts,* 156 Mass. 257. *Young* v. *Watson,* 155 Mass. 77. *Rand* v. *Hanson,* 154 Mass. 87. *Needham* v. *Thayer,* 147 Mass. 536. *Fall River* v. *Riley,* 140 Mass. 488. *Hendrick* v. *Whittemore,* 105 Mass. 23. *James* v. *Townsend,* 104 Mass. 367. *Hutch-*

*inson* v. *Gurley*, 8 Allen, 23. *Bodurtha* v. *Goodrich*, 3 Gray, 508. *Brewer* v. *Holmes*, 1 Met. 288. *Smith* v. *Rice*, 11 Mass. 507, 512. See *Harrison* v. *Hart*, 21 Ill. App. 348; *Nietert* v. *Trentman*, 104 Ind. 390; *Michels* v. *Stork*, 52 Mich. 260; *Bolles* v. *Bowen*, 45 N. H. 124; *Nelson* v. *Swett*, 4 N. H. 256; *Ketchum* v. *White*, 72 Iowa, 193; 22 Am. & Eng. Encyc. of Law, 194 *et seq.*

If it be assumed, without deciding it, that in the present proceedings it was open to the plaintiff in error to show that no summons, or no sufficient summons, was served upon her, we are of opinion that the mistake in the date of the summons, on the facts found by the presiding justice, is not a sufficient reason for avoiding the judgment. If the officer had been permitted to amend his return in the original action so as to show the date of the summons, and the defendant therein had moved to dismiss the action, the court might have ordered the service of a new summons, as the defendant was within the jurisdiction of the court. If the suit had been in the Superior Court, the decision of that court upon such a motion would have been final. *Parker* v. *Kenyon*, 112 Mass. 264. The defect in the service of process was one which the defendant in the original action might have waived.

Pub. Sts. c. 187, § 3, is as follows: "A judgment in a civil action shall not be arrested or reversed for a defect or imperfection in matter of form which might by law have been amended; nor by reason of a mistake respecting the venue of the action; nor because the judgment is not in conformity with the allegations of the parties, if it is in conformity with the verdict; nor shall any error in law in a civil action in which the defendant appeared and a verdict was rendered, except such as occurs after verdict, be assigned in a writ of error. But nothing herein contained shall prevent either party from assigning an error affecting the jurisdiction of the court." In *Brown* v. *Webber*, 6 Cush. 560, 564, the court say: "A court, in order to render a valid judgment, must have jurisdiction of the subject matter, and of the persons of the parties. In the language of the statute, (Rev. Sts. c. 100, § 21,) it must be a suit where the person and case may be rightly understood by the court. In order to acquire jurisdiction of the person, he must be served with process, as required by

law, by arrest, attachment, and summons, or original summons, or otherwise. If the defendant would object to the irregularity, or want of due service, in this respect, he may do so by plea in abatement, where it is necessary to plead any matter of fact, on which his objection is founded, or by motion to dismiss, where the objection is apparent on the face of the proceedings, or the return of the officer ; and in either case, before pleading generally to the merits. And to enable him to do this, he may appear specially for the purpose of stating such objection, without thereby waiving it. But if he will enter a general appearance, or plead to the merits, or lie by after he is aware of the matter of objection to the jurisdiction, he thereby submits himself to the jurisdiction of the court; and the court, then, having jurisdiction of the subject, and jurisdiction of the persons of the parties, may proceed, and the exception that the suit is brought in the wrong county cannot be made in arrest of judgment. *Gleason* v. *Dodd*, 4 Met. 333, 339."

If this were a petition for a writ of review, we think that on the facts appearing in evidence it would not be granted. The defendant in the original action was not misled by the mistake in the date of the original summons, and she had full opportunity to appear and defend the action. No error appears in the record itself, and the defect was one which might have been amended if the attention of the court had been called to it. She lay by and made no defence, although she was aware of the mistake in the date of the summons and of the pendency of the action, and she ought not now to be heard in any form of proceeding to contest the validity of the service and judgment. See *Arnold* v. *Maltby*, 4 Denio, 498 ; *Morrison* v. *Underwood*, 5 Cush. 52. The ruling of law of the presiding justice, if it be assumed to be erroneous, did her no harm ; it did not affect his findings of fact, and we are of opinion that on those findings she is not entitled to have the judgment reversed. It is unnecessary to decide whether the errors of fact were well assigned, or whether the plaintiff's sole remedy was by a petition for a writ of review. St. 1895, c. 234, § 9.

*Exceptions overruled, and judgment affirmed.*