(45 Misc. 417)

### SILVERMAN v. DAVIS.

(Supreme Court, Appellate Term. November 10, 1904.)

1. ATTACHMENT—FAILURE TO MAKE PERSONAL SERVICE—WARRANT—RETURN.

Failure of a return of warrant of attachment to state the reason for failure to make personal service of summons, as required by Municipal Court Act, §§ 88, 91 (Laws 1902, pp. 1518, 1519, c. 580), was fatal, where the defect was not cured by reference to the warrant or other paper, and defendant did not appear.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Attachment proceedings by Harris Silverman against Abraham S. Davis, impleaded. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Abraham Oberstein, for appellant.
M. W. Silverstein, for respondent.

BISCHOFF, J. The appellant mistakenly asserts that the attachment was issued in the name of a fictitious person. The warrant is directed solely against the appellant, not against the defendant John Doe, and, upon the merits of the application, the justice properly refused to vacate the attachment.

There was, however, no personal service of the summons, and the jurisdiction to proceed, upon the appellant's default of appearance in the action, depended upon the due execution of the warrant (Municipal Court Act, §§ 88, 91; Laws 1902, pp. 1518, 1519, c. 580), evidenced by the marshal's return. The statute prescribes the matters which the return must state (section 88, supra)—among others, the reason for a failure to make personal service upon the defendant; and as to this requirement the return in the present case was unquestionably defective. The omission was not supplied by referring to the warrant or some other paper, as in Bell v. Moran, 25 App. Div. 461, 50 N. Y. Supp. 982; and the defect was fatal to the jurisdiction of the court, where there was a default of appearance. Willard v. Sperry, 16 Johns. 121.

Judgment reversed, but, since the return is amendable, the proceedings are remitted to the court below, with costs of this appeal to the appellant. All concur.