### EPSTEIN v. PROSSER.

(Steuben County Court. August 8, 1908.)

JUSTICES OF THE PEACE—PROCESS—DEFECTIVE SUMMONS.

 Code Civ. Proc. § 2877, providing that in actions before a justice of the peace the summons must be returnable at a time therein specified, not less than six nor more than twelve days after the date when issued, is not jurisdictional, and a defendant, to avail himself of any irregularity of such kind, must appear before the justice and object; and error in the year in which a summons was made returnable, the year in the summons being 1907, whereas it should have been 1908, did not avoid, for want of jurisdiction, a default judgment entered thereon, where defendant knew that 1907 was intended for 1908, but intended not to appear.

Appeal from Justice Court.

Action in Justice Court by Barney Epstein against Philip Prosser. Judgment by default for plaintiff, and defendant appeals. Affirmed.

Walter S. Drew, for appellant.
James Flaherty, for respondent.

BURRELL, J.  The summons in this action was issued on the 28th day of December, 1907, returnable January 7, 1908, and was personally served on the defendant on the 30th day of December, 1907, as appears by the return of the constable on the original summons.  The principal ground relied upon by the appellant is the error in the year in which the summons was made returnable; the year in the summons being 1907, when it should have been 1908.

It was the intention of the justice to make the summons returnable before him on January 7, 1908.  Indeed, he states in the return that he did so make it.  But the original summons shows that it was made 1907, instead of 1908, he making a mistake in the year; such mistakes frequently happening at the close of the year.  It was a clerical error, and seems not to have been noticed by the justice, or that his attention was called to the same; for on the 7th day of January, 1908, the date when the summons should have been properly returnable, the plaintiff appeared, and, the defendant failing to appear, judgment was taken against him.  The summons was returned personally served by the constable, and the question presented here is:  Did the justice acquire jurisdiction to render the judgment on the 7th day of January, 1908, when the original summons read "January 7, 1907."  The summons was dated December 28, 1907, making the summons appear on its face to be returnable a year before its date, or, in other words, at an impossible date.

The affidavits read by counsel by consent on the argument of this appeal show conclusively that the defendant knew the return day of the summons was intended for January 7, 1908, and that he stated that he had taken counsel on the matter, and did not intend to appear, and that "He knew his business," or words to that effect, and there is no claim made here on the part of the defendant that he was in any manner misled as to the return day of the summons, or that he had or has any defense to the action whatever, or that any injustice has been done him in the rendering of this judgment, or that he would have appeared, had there been no mistake in the summons; but he seeks simply to set aside a judgment by an allegation of error, now raised for the first time, that there was error made in the year, and that such error is jurisdictional.  In the case of Arnold v. Maltby, 4 Denio, 498, where a summons, issued on the 3d day of January, 1846, and made returnable on the 10th day of January instant, was by mistake dated January 3, 1845, and having been personally served on the day it was issued, the plaintiff obtained judgment without an appearance on the part of the defendant, it was held that the defect, having been overlooked by the justice, should be disregarded by the Common Pleas and by this court, and the judgment was affirmed.

The provisions of Code Civ. Proc. § 2877, that in actions before a justice of the peace the summons must be returnable at a time therein specified, not less than six nor more than twelve days after the date when issued, is not jurisdictional, and a defendant, in order to avail himself of any irregularity of such kind, must appear before the justice and there make objection.  Lindsay v. Tansley, 63 Hun, 635, 18 N. Y. Supp. 317.  And the court there says:

"We are of the opinion that this direction of the code is not jurisdictional, but that it relates to practice and procedure only, and that, in order for a party to avail himself of an objection of this character, it is incumbent upon him to appear before the justice and to raise the question."

That was not done in the case at bar. The defendant, knowing the date of the return day, and the hour and place, by advice of counsel chose not to appear, as shown by the affidavits above referred to.

In the case of Bishop v. Donnell, 171 Mass. 563, 51 N. E. 170, following Arnold v. Maltby, 4 Denio 498, the court held:

"Where the defendant in the original action was not misled by the mistake in the date of the original summons, which was duly served, and he had full opportunity to appear and defend the action, and where no error appears in the record, and the defect was one which might have been amended if the attention of the court had been called to it, but the defendant lay by and made no defense, although he was aware of the pendency of the action, he cannot be heard by writ of error, and he ought not to be heard in any form of proceeding, to contest the validity of the service and judgment."

In the case of Helmick v. Churchill, 92 Hun, 524, 36 N. Y. Supp. 1028, the court says:

"The appellate courts will not be astute to discover errors in the proceedings of a justice of the peace in cases of default, where a defendant, refusing to attend upon a trial, awaits his chance of finding some error by which the judgment can be reversed; and the rule is well stated in Schoonmaker v. Spencer, 54 N. Y. 366, that it is the uniform practice of the courts, in reviewing proceedings had before a justice of the peace, if possible, to sustain them by every reasonable and warrantable intendment."

See, also, Bell et al. v. Moran, 25 App. Div. 461, 50 N. Y. Supp. 982.

The foregoing decisions holding that the defect in the summons was not jurisdictional, and the proof being ample to sustain the judgment of the Justice's Court, the judgment appealed from should be affirmed, with costs. Ordered accordingly.