To the same effect is Craft v. Merrill, 14 N. Y. 456, and cited in Casler v. Shipman, 35 id. 540.

The plaintiffs are superior in the fact of possession and exercise of acts of ownership.

It follows that the plaintiffs should have judgment with costs.

The plaintiffs' attorneys may prepare and submit findings in accordance with this memorandum.

Judgment for plaintiffs.

---

Barney Epstein, Respondent, v. Philip Prosser, Appellant.*

(County Court, Steuben County, August, 1908.)

Justices of the peace — Procedure in justices' courts — Process — Requisites and validity — Error in date when returnable.

Where a summons in justice's court issued on December 28, 1907, returnable on January 7, 1907, instead of January 7, 1908, was duly served upon the defendant, the defect is not jurisdictional;

---

* Received too late for insertion in proper place. Affirmed by Appellate Division on this opinion.

and where the proof is ample to sustain a judgment for plaintiff, rendered on defendant's failure to appear upon January 7, 1908, it will be affirmed.

APPEAL from a judgment in favor of plaintiff, rendered by a Justice's Court.

Walter S. Drew, for appellant.

James Flaherty, for respondent.

BURRELL, J.   The summons in this action was issued on the 28th day of December, 1907, returnable January 7, 1907, and was personally served on the defendant on the 20th day of December, 1907, as appears by the return of the constable on the original summons. The principal ground relied upon by the appellant is the error in the year in which the summons was made returnable, the year in the summons being 1907, when it should have been 1908.   It was the intention of the justice to make the summons returnable before him on January 7, 1908, indeed, he states in the return that he did make it so, but the original summons shows it was made 1907, instead of 1908, he making a mistake in the year, such mistakes frequently happening at the close of the year.   It was a clerical error and seems not to have been noticed by the justice or that his attention was called to the same, for on the 7th day of January, 1908, the date when the summons should have been properly returnable, the plaintiff appeared, and, the defendant failing to appear, judgment was taken against him.   The summons was returned personally served by the constable and the question presented is:   Did the justice acquire jurisdiction to render the judgment on the 7th day of January, 1908, when the original summons read " January 7, 1907." The summons was dated December 28, 1907, making the summons appear on its face to be returnable a year before its date, or, in other words, at an impossible date.   The affidavits read by counsel by consent on the argument of this appeal show conclusively that the defendant knew the return day of the summons was intended for January 7, 1908, and that he stated that he had taken counsel in the matter and did not intend to ap-

38

pear and that he "knew his business," or words to that effect, and there is no claim made here on the part of the defendant that he was in any manner misled as to the return day of the summons, or that he had, or has, any defense to the action whatever or that any injustice has been done him in the rendering of the judgment, or that he would have appeared had there been no mistake in the summons, but he seeks simply to set aside a judgment by an allegation of error now raised for the first time, that there was an error made in the year and that such error is jurisdictional. In the case of Arnold v. Maltby, 4 Den. 498, where a summons issued on January 3, 1846, and made returnable on the 10th day of January inst. was by mistake dated January 3, 1845, and having been personally served on the day it was issued the plaintiff obtained judgment without an appearance on the part of the defendant, it was held that the defect having been overlooked by the justice, it should be disregarded by the common pleas and by the court and the judgment was affirmed. The provision of the Code of Civil Procedure, section 2877, that, in actions before a justice of the peace, the summons must be returnable within a time therein specified, not less than six nor more than twelve days after the date when issued, is not jurisdictional and a defendant in order to avail himself of any irregularity of the kind must appear before the justice and then make objection. Lindsay v. Tausely, 18 N. Y. Supp. 317. The court there says: "We are of opinion that the section of the code is not jurisdictional but that it relates to practice and procedure only, and that in order for a party to avail himself of an objection of the character it is incumbent upon him to appear before the justice and raise the question." That was not done in the case at bar, the defendant knowing the date of the return day, the hour and the place, by advice of counsel chose not to appear, as shown by the affidavits above referred to. In the case of Bishop v. Donnell, 171 Mass. 563, following Arnold v. Maltby, *supra,* the court held: "When the defendant in the original action was not misled by the mistake in the date of the original summons, which was duly served,

and he had full opportunity to appear and defend the action, and when no error appears in the record and the defect was one which might have been amended if the attention of the court had been called to it, but the defendant lay by and made no defense, although he was aware of the pendency of the action, he cannot be heard by writ of error, and he ought not to be heard in any form of proceeding to contest the validity of the service and judgment."

In the case of Helmick v. Churchell, 92 Hun, 524, the court says: "The appellate courts will not be astute to discover errors in proceedings before a justice of the peace in cases of default where a defendant refusing to attend upon a trial awaits his chance of finding some error by which the judgment may be reversed, and the rule is well stated in Schoonmaker v. Spencer, 54 N. Y. 356, that it is the uniform practice in reviewing proceedings had before a justice of the peace, if possible to sustain them by every reasonable and warrantable intendment." Bell v. Moran, 25 App. Div. 461. The foregoing decision holding that the defect in the summons is not jurisdictional and the proof being ample to sustain the judgment of the justice's court, the judgment appealed from should be affirmed, with costs.

Ordered accordingly.