ALBANY,
Feb. 1824.

Sholts
v.
Judges of
Yates County

---

In the matter of JOHN SHOLTS *against* THE JUDGES of the County of YATES.

An appeal from a justice's judgment tho' after a transcript filed and execution issued supersedes the execution.

JUDGMENT was given by a Justice of Yates county in favor of Sholts against Champlin, for $46, on the 22d Aug. 1823. On the 25th, Sholts filed a transcript with the County Clerk, and took out execution on oath, and placed it in the Sheriff's hands.

This is the process of the common pleas, and they may make a rule setting it aside.

On appeal, a bond should be given and costs paid by the appellant within four days, as required by the fifty dollar act, or the appeal will be ineffectual.

But these facts need not appear from the justice's return.

It will be intended, on the return being filed, that the appellant proceeded regularly before the justice.

The appellee has no right to object to a hearing of the appeal, on the ground that the justice had not endorsed his approbation upon the bond, or omitted to file it within the time required by the act.

His approbation may be inferred from the act of filing the bond.

On the other hand, Champlin, on the very day the transcript was taken, filed with the Justice a notice of appeal, a bond as required by law, and paid all the costs required of him by the Justice on receiving the appeal. Notice of the appeal was given to the Sheriff, who nevertheless was proceeding under the direction of Sholts to sell Champlin's property. On this state of facts the First Judge of Yates county granted an order to stay proceedings upon the execution; and at the last January term of the Yates Common Pleas, that Court set aside the execution for irregularity, with costs, though the counsel for Sholts objected that the First Judge had no authority to stay proceedings upon it; and that the Court had no authority to set it aside. Previous to setting aside the execution, viz. at October term last of the Yates Common Pleas, the cause was tried and a verdict found for the appellee for only 15 dollars, instead of 46 dollars, the sum recovered before the Justice, on which the Court gave judgment.

On the cause being moved for trial upon the appeal, it was objected that it did not appear from the return that the notice of the appeal had been filed within four days from the time of rendering the judgment; nor that the costs in the Court below, had been paid within the four days; nor had the bond been left with the Clerk to be filed within the time required by law; nor had the Justice endorsed upon the bond that he approved of the security. Upon these grounds the appellee by his counsel, contended that the appeal was irregular; but the objection was overruled.

*J. Dickson*, moved for a *mandamus* to be directed to the Judges, commanding them to vacate the rule setting aside the execution.

*W. M. Oliver*, contra. The appeal, if regular, was a supersedeas to the execution, (sess. 41, ch. 94, s. 17,) and the only question is, whether the party can be deprived of his right to an appeal within the four days allowed, by the act of the plaintiff, who thinks fit to take out an execution immediately.

*Dickson,* denied that the Court of Common Pleas had power to interfere with an execution issued, as this was, upon a justice's judgment. It cannot be considered the process of the Court of Common Pleas.

*Curia.* It was necessary that a bond should be given and the costs paid within four days after the judgment, in order to make an appeal operative; but these facts need not appear from the Justice's return. It lay with the opposite party to show affirmatively, that the bond and payment of the costs were out of time, if he wished to avail himself of the irregularity. Until the contrary was shown, the Court below were right in intending that the proper measures were taken before the Justice, on instituting the appeal. Nor should the appellant be prejudiced by the omission of the Justice to endorse his approbation upon the bond, or file it within the time required by law. Besides, his satisfaction with the security given should, as to the appellant, be inferred from the act of filing it with his return. The party ought not to suffer from such a trifling informality. The Common Pleas were regularly possessed of the cause.

Then had the Common Pleas jurisdiction of this execution? We think it is to be considered as the process of that Court. On a transcript being filed, and an execution issued, all control over it ceases on the part of the magistrate who renders the judgment. The execution issues from the Clerk's office of the Common Pleas, like their other process, and all control over it, properly belongs to that Court. It follows that they had power, in this instance, to set aside the execution for irregularity; and we are clear that the power was properly exercised. The appeal was a *supersedeas,* and the appellee having afterwards proceeded upon the execution, the opposite party had a right to call upon the Court to restrain him by a rule.

Motion denied.