The People, *ex rel.* Michael Cooney, agt. The Judges of the Common Pleas.

terest from 1st of June, 1844 (2 *Cow.* 51, 400 ; 10 *Wend.* 74).
Motion denied, with $7 costs.

————————

The People, *ex rel.* MICHAEL COONEY, agt. THE JUDGES OF
THE COMMON PLEAS of the County of Rensselaer.

It is not *necessary* for a justice of the peace, or other officer, to *endorse their ap-
proval* of a bond given on bringing a writ of *certiorari* from the common pleas ;
although it is well that justices should certify their approval in all cases upon
such bonds.

The filing of the bond and return to the writ of certiorari by the justice is suffi
cient evidence of his approval of the *sufficiency* of the sureties (2 *Cow.* 506).

The statute (2 *R. S.* 256, § 172) does not require the justice to *certify* or file his
approval, as it does in the case of an appeal bond (*Ib.* 259, § 189).

An order of a common pleas quashing a certiorari, *on the ground* that the bond
was not endorsed or certified *approved* by the justice or some other proper offi-
cer, is erroneous, but can not be corrected by *mandamus* (20 *Wend.* 658).

*June Term,* 1846.

MOTION on behalf of the judges to vacate the rules allowing
an alternative and peremptory mandamus, and all proceedings
therein, and to quash the writs.

In May term, 1845, of the Rensselaer common pleas, a writ
of certiorari, bond, and return thereto by a justice of the peace
of Rensselaer county, was filed with the clerk of the
court of common pleas of *Rensselaer county, where-        [*190]
in Michael Cooney was plaintiff in error, and John
Fitch defendant in error.

In September term, 1845, of the common pleas, Fitch, the
defendant in error and attorney in person, moved to quash
the writ, on the ground that there was *no approval of the bond*
on file, either by the officer who allowed the writ, or the jus-
tice who made the return, and no endorsement of approval
upon the bond whatever. The motion was opposed by the
counsel for Cooney ; and on the 18th of October, 1845, the
court of common pleas made an order, " that the writ of cer-
tiorari be quashed, vacated and held for nought, unless the
plaintiff in error filed the usual bond therein, with one or more

sufficient sureties to be approved by the court (common pleas);
and also, within twenty days after the entry of the order, pay
to defendant in error $10 costs of the motion." The order
was made upon the ground that there was *no approval of the
bond* on file with the certiorari. On the 12th of December,
1845, an *ex parte* motion was made to this court, at special
term, by John Koon, Esq., *relator's* counsel ; and an order
granted that a writ of alternative mandamus issue to the judges
of Rensselaer common pleas, commanding and requiring them
to vacate the order made by them on the 18th of October,
1845, quashing the writ of certiorari. At the succeeding Feb-
ruary special term of this court (at which time the alternative
writ was returnable), on producing due proof of the service of
the alternative writ on the judges of the common pleas in
open court, and on producing proof to this court that no re-
turn had been made to the alternative writ, an order was made
on the 12th of February, 1846 : whereupon the judges of the
common pleas, in obedience to the command in the peremp-
tory writ, by a rule entered in the minutes of the court of com-
mon pleas, vacated the rule quashing the writ of certiorari.
Fitch, the defendant in error in the certiorari suit, stated that
he was ignorant of the issuing of either the alternative or per-
emptory writ of mandamus, until the 17th of February, 1846.
This motion was made for the last April special term, and put
over to this term by consent.

> John Fitch, *defendants' counsel and attorney.*
> John Koon, *counsel and attorney for relator.*

Jewett, Justice. I am of the opinion that the filing of the
bond and return to the writ of certiorari, by the justice, was
sufficient evidence of his approval of the *sufficiency* of the sure-
ties (2 *Cow.* 506). The statute (2 *R. S.* 256, § 172)
[*191] does not require the justice to certify or file his *appro-
val, as it does in the case of an appeal bond. (*Ib.* 259,
§ 189.) Although it is well that justices should certify their
approval in all cases upon such bonds. The order, therefore,
of the common pleas, quashing the certiorari, was erroneous,

but it cannot be corrected by *mandamus*. (20 *Wend.* 658.) Motion to vacate the rules, allowing the writs of alternative and peremptory mandamus, and to set aside said writs, granted, but without costs to either party.