Kelly v. Brower .

JOHN KELLY *v.* WILLIAM G. BROWER.

Where a cause, pending in a district court, was adjourned to the 19th, and on the 18th the plaintiff appeared before the justice, and represented to him that the cause had been adjourned to that day, and the justice (his own entry of the adjournment being indistinct) allowed the plaintiff to take an inquest, and rendered judgment in his favor; *held*, that the judgment must be reversed, for error in fact. The affidavits of the parties being in conflict as to whether the adjournment was made to the 18th or to the 19th, *held*, that the return of the justice must govern upon that question.

APPEAL by defendant from a judgment of the Third District Court. The appeal was taken on the ground of error in fact; that the judgment was prematurely rendered in the absence of defendant, on the 18th of March, when the cause had been adjourned to the 19th. Affidavits were submitted on both sides, on the question whether the 18th or the 19th was, in fact, the adjourned day. The court, however, determined this question chiefly upon the justice's return, the substance of which is stated in the opinion.

*J. A. Sherman,* for the appellant.

*T. D. Sherwood,* for the respondent.

DALY, J.—The appeal is not brought for relief from a judgment by default or for error of law, but for error of fact in rendering judgment before the day to which the cause was adjourned.

The defendant, by joining issue on the merits, waived any defect in the process by which he was brought into court. *Andrews* v. *Thorp,* 1 E. D. Smith, 615.

The parties are in conflict as to the day to which the cause was adjourned. In such a case the return of the justice, who is a disinterested party, and who has had an opportunity of in-

specting the entry made by him upon the summons, must deter-mine the matter. He returns that, when the cause was called, he found the entry on the summons of the day of adjournment to have·been altered and indistinct, and, upon the plaintiff repre-senting to him that it was adjourned to the 18th, he allowed the· plaintiff to take judgment; but that, after a particular examina-tion of the summons, he was satisfied that the cause was ad-journed to the 19th. We must, therefore, conclude that the cause was adjourned to that day, and, as judgment was given on the previous day, it must be reversed for error of fact.

Judgment reversed.