(5 App. Div. 515.)

KELLOCK v. DICKINSON.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

APPEAL FROM JUSTICE COURT—SETTING ASIDE DEFAULT.

 Code Civ. Proc. § 3064, which provides that if an appeal is taken by a defendant who failed to appear, and he shows by affidavit a manifest injustice, and renders a satisfactory excuse for his default, the appellate court may set aside the judgment, and direct a new trial, does not authorize the appellate court to set aside a default judgment before the trial justice has made his return to the appellate court, as such section contains no provision dispensing with the necessity of a return before the matter can be heard in the appellate court as required by sections 3044, 3053, 3062.

Appeal from Westchester county court.

Action by William H. Kellock against Orison Dickinson. From an order opening a default taken before a justice of the peace and vacating a judgment entered thereon, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Hugh M. Harmer, for appellant.
William J. Marshall, for respondent.

HATCH, J. The moving papers contained in the record expose a case warranting the order made if the court possessed jurisdiction to make it. The papers show that after the default was taken defendant appealed from the judgment entered thereon to the county court of Westchester county. After the appeal was taken, and before any return was made therein by the justice, or before the time had expired in which the justice was required to make his return, as provided by section 3053, Code Civ. Proc., defendant made a motion and obtained an order to show cause why the judgment should

not be set aside, and a new trial of the case ordered before the same or another justice.    This motion resulted in the order appealed from.    By section 3044 of the Code of Civil Procedure it is provided that the only mode of reviewing a judgment rendered by a justice of the peace is by an appeal, as prescribed in that title.    By section 3064 authority is conferred in certain cases—of which the present case is one—to show by affidavit or otherwise that manifest injustice has been done, and make satisfactory excuse for his default, when the appellate court is vested with discretion to set aside the judgment appealed from or stay the proceedings thereunder, and by order direct a new trial before the same or another justice of the same county, designated in the order.    The claim of respondent is that this section furnishes authority for the order entered herein. We think the claim cannot be sustained.    Upon appeals of this character, where no new trial is asked for in the appellate court, the appeal is to be heard upon the return of the justice, and section 3064, although authority for presenting affidavits and other proof, does not dispense with the necessity of an appeal and of a return thereto.    The Code makes specific provision for bringing on and hearing of the appeal, and ·no exception is made where the appeal is heard in part upon proof extrinsic the return.    Section 3062 provides that:

"The appeal may be brought to a hearing in the appellate court, at any term thereof, at which an appeal can be heard, held after the return is filed, upon a notice by either party of not less than eight days.    It must be placed upon the calendar; and must continue thereon without further notice until it is finally disposed of."

And upon the determination of the appeal the clerk is required to make up a judgment roll, which is required to show the judgment rendered and orders made.    Section 3061.    It is the return of the justice, the notice of argument, and the placing of the appeal upon the calendar that confers jurisdiction upon the court over the appeal; and without such steps being taken the appeal is not properly before the court.    Such course has been the uniform practice of appellate courts exercising jurisdiction over such appeals.    Section 3064 of the Code of Civil Procedure is in part taken from section 366 of the old Code, and thereunder it was held by Judge Daly, upon a motion like the present, that no authority existed in the court to entertain the motion until the judgment appealed from was before it.    Donnell v. Cornell, 1 Code R. (N. S.) 288.    It is quite apparent that the return must be before the court in order to enable it to determine what transpired below, and it may be held conclusive when in conflict with the affidavits submitted upon the appeal.    Kelly v. Brower, 1 Hilt. 514.    In Douglass v. Reilly, 8 Hun, 85, the general term of this department held that the county judge had no power on motion to vacate a judgment; that the remedy was by appeal.    There is no distinction between that case and the present, in principle. It is true that an appeal was taken in the present case, but such appeal has never been brought to a hearing, and no determination has been had thereon.    The bringing of an appeal does not authorize an independent motion to vacate a judgment, any more than is au-

thorized without any appeal. It is the review of the judgment which the Code contemplates, whether rendered upon the trial of issues or taken by default, and whether the appeal be heard upon errors of law or errors of fact. And it is readily apparent that there can be no review of the judgment unless it is brought before the court for that purpose. This motion did not accomplish that result, and consequently the court was without power to make the order appealed from. It should, therefore, be reversed, with $10 costs and disbursements. All concur.