The order appealed from should be reversed, with $10 costs and disbursements of the appeal, and the motion denied, with $10 costs.

RUMSEY, J., concurs.

(47 App. Div. 232.)

ALBERTSON et al. v. BEHEREND MFG. CO.

(Supreme Court, Appellate Division, Fourth Department. January 30, 1900.)

NEW TRIAL—DEFAULT JUDGMENT—MOTION TO SET ASIDE.

Since Rochester City Charter, § 257, authorizing a motion to set aside a default and for a new trial from a judgment of the Rochester municipal court, if made within 20 days after entry of judgment, applies only where a transcript has been filed, but no appeal taken, it was error for the county court to dismiss such a motion, after an appeal had been taken, because the motion was not made within 20 days; the county court's power to grant such motion being derived from Code Civ. Proc. § 3064, made applicable to the Rochester municipal court by section 3226, and such section contains no 20-day limit for the filing of the motion.

Appeal from Monroe county court.

Action by William C. Albertson and another against the Beherend Manufacturing Company. From an order denying defendant's motion to open a default judgment of the municipal court of the city of Rochester, and for a new trial on the ground that the same was not made within 20 days after the entry of judgment, defendant appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

S. D. Bentley, for appellant.
Charles Van Voorhis, for respondents.

WILLIAMS, J. The action in municipal court was commenced July 5, 1899. The parties appeared on the return day, July 12th, and, without issue being joined, an adjournment was taken to July 19th. On the adjourned day the defendant did not appear, the plaintiff filed his complaint, gave his proofs, and took judgment by default. Subsequently an execution was issued upon the judgment. July 20th the defendant appealed from the judgment to the county court. The return upon such appeal was filed August 12th. A transcript of the judgment was filed in the county clerk's office. The motion, resulting in the order appealed from, was noticed October 5, to be heard October 10, and was decided October 26, 1899. The motion seems to have been denied upon the assumption that the only power given the county court to entertain such a motion was under section 257 of the charter of the city of Rochester, and, inasmuch as the motion was not made within 20 days after the entry of the judgment in municipal court, it must be denied. In this the court erred. The provision of the charter in question was made for cases only where there had been transcripts filed, but no appeals taken. When an appeal has been taken, the power to entertain such a motion is given by chapter 19 of the Code of Civil Procedure. Section 3226 makes the provisions of that chapter (excluding titles 10 and 11) applicable

to the municipal court of the city of Rochester, and for such purpose provides the court shall be deemed to be a justice's court, and the city of Rochester a town of Monroe county; and then section 3064 (which is a part of title 8 of chapter 19) gives the county court power to entertain such a motion as we are here considering. Under this chapter of the Code there is no 20-day limit to the time within which the motion can be made. On the contrary, it has been held that it should not be made until after the return on appeal has been filed. Kellock v. Dickinson, 5 App. Div. 515, 39 N. Y. Supp. 38; Burbank v. Van Dam, 25 App. Div. 623, 49 N. Y. Supp. 1133. The motion was therefore improperly denied, for want of power in the court to entertain it, and without passing upon the merits. The question of jurisdiction over the defendant has not been considered by the county court, and will not, therefore, be passed upon by this court.

The order appealed from should be reversed, with $10 costs and disbursements, and the case remitted to the county court, to enable the motion to be heard and determined on the merits. Decision so ordered. All concur.