# CHARLESTON.

ERB *v.* THE HENDRICKS COMPANY (LIMITED).

Submitted January 29, 1901.   Decided November 9, 1901.

1.  EXECUTION FROM CIRCUIT COURT—*Justice Jurisdiction.*
      H. Co. recovered a judgment before a justice in R. County against H. & E. and had the same certified to the clerk of the circuit court of said county under section 118, chapter 50, Code. The clerk of said court issued writ of execution thereon directed to sheriff of T. County who levied the same on property, claimed by J. B. E., the sheriff demanded and received from H. Co. an indemnifying bond. J. B. E. filed his petition under section 152, chapter 50 before a justice of T. County who notified the execution creditor and defendants to try the right of the property levied on before said justice. *Held*: the execution having been issued from the clerk's office of a circuit court, the justice was without jurisdiction in the premises. (p. 30).

2.  INDEMNIFYING BOND—*Statute Construed.*
      In such case the remedy of J. B. E. was to proceed in the circuit court of T. County under the provisions of chapter 107, Code, or upon the indemnifying bond taken by the sheriff of T. County. (p. 31.).

   Error to Circuit Court, Tucker County.

   Action by the Hendricks Company, Limited, against Joseph B. Erb, D. D. Hazeltine, and Grant Erb, before a justice. Execution from circuit court levied on certain property, and third person interposed claim before the justice. From a judgment

on trial of right to property, defendant Joseph B. Erb brings
error.

*Dismissed.*

E. D. TALBOT and A. JAY VALENTINE, for plaintiff in error.
CUNNINGHAM & STALLINGS, for defendant in error.

McWHORTER, JUDGE:

The Hendricks Company (Limited) recovered a judgment
against D. D. Hazeltine and Grant Erb doing business as Hazel-
tine & Erb, before A. C. Rowan, a justice of Randolph County,
for one hundred and ninety dollars upon which execution was
issued by said justice and duly returned partly satisfied. Said
justice certified to the clerk of Randolph circuit court a tran-
script of said judgment under section 118, chapter 50, Code.
The clerk of said circuit court issued an execution thereon dated
the 2d of June, 1898, with a credit of thirty-five dollars en-
dorsed, and directing the same to the sheriff of Tucker County
for levy, accordingly the sheriff of Tucker County on the 29th
day of June, 1898, levied the same on a lot of about twenty thou-
sand feet of oak and ash lumber as personal property belonging
to —Erb, but before the sale the sheriff demanded from the
plaintiff and received an indemnifying bond, as stated in the
petition, and it is conceded that an indemnifying bond was
given. Joseph B. Erb made his petition addressed "To any jus-
tice of the county of Tucker, West Virginia," reciting the judg-
ment, partial satisfaction of execution, the certification of the
judgment to the circuit clerk of Randolph County, the issuance
thereon by the said clerk of the execution and levy thereof on
the said lumber, claiming the property so levied as his own and
praying that an order be entered by a justice of the county
wherein the levy was made, to notify both the Hendricks Com-
pany (Limited) as a creditor in said execution and the said D.
D. Hazeltine and Grant Erb, as debtors therein, to appear be-
fore said justice on a day and at a place to be designated by him,
to show cause why the said property so levied upon should not
be discharged from such levy. C. S. Ward, a justice of Tucker
County, on the 8th day of July, 1898, made such order as was
prayed for in said petition and cited the said execution creditor
and debtors to appear before him at his office in Black Fork dis-

trict in Tucker County on the 11th day of July, 1898, at eight o'clock A. M. to show cause why said property should not be discharged from said levy. On the 11th of July upon hearing of the petition of Joseph B. Erb the same was dismissed by the justice. Plaintiff Erb appealed the case to the circuit court. On the 19th of June, 1899, the parties appeared and the defendants, The Hendricks Company (Limited), moved to dismiss the plaintiff's petition for want of jurisdiction which motion the court overruled, to which ruling the defendants excepted which exception was saved to them by bill of exceptions duly signed. On the 10th day of March, 1900, a jury of six was impaneled to try the issue and on the 12th day of March the jury returned their verdict finding the right and title of the property levied on to be in Joseph B. Erb, and its value to be two hundred and twenty-one dollars and forty cents, when the defendants moved the court to set aside the verdict of the jury and grant them a new trial, of which motion the court took time to consider and on the next day the court overruled the motion and entered judgment on said verdict for the said sum of two hundred and twenty one dollars and forty cents and costs in the court and before the justice, to which rulings of the court defendants excepted. The defendants obtained from this Court a writ of error to said judgment and assigned some nine causes of error. All the assignments except the first and fourth are concerning the admission of improper evidence and the giving of erroneous instructions for plaintiff and refusing to give proper instructions asked by defendants. If the first and fourth assignments which are to the same effect, are well taken, it will be wholly unnecessary to consider the others, indeed they do not arise in the case for consideration. The first "that the execution having issued from the circuit clerk's office of Randolph County directed and delivered to and levied by the sheriff of Tucker County, that a justice of the peace of Tucker County had no right to determine the right of property," and the fourth is of the same character "that it was error not to dismiss said case when it appeared that the execution had issued from the circuit clerk's office of Randolph County and been levied by the sheriff of Tucker County as set out in bill of exceptions No. 3." Section 118 of chapter 50, Code, provides that "the person in whose favor a judgment is rendered by a justice, or who is entitled to receive the money due thereon, or any part of it, may file in the clerk's office of the cir-

cuit court of the county in which the judgment was rendered, a transcript thereof, certified by the justice who has the lawful custody of the docket in which such judgment is entered; and the said clerk may issue execution thereon in the same manner, and with *like effect as if the judgment had been rendered by the circuit court."* It is contended by appellee that the judgment on which this execution issued was rendered by a justice and that the mere fact of it having been docketed in the circuit clerk's office does not make it a judgment of the circuit court, and that one reason why this is true is that a judgment can be rendered by a justice of the peace for an amount below the jurisdiction of the circuit court, which could be docketed in the circuit clerk's office, but which certainly would not, then, become the judgment of the circuit court, because it would have no jurisdiction to render such judgment. It is true it does not become the judgment of the circuit court in the strict sense of the term, but the section just quoted makes the execution issued thereon by the clerk have the same effect as if the judgment had been rendered by the circuit court, the execution issued upon such judgment is placed upon precisely the same footing and given the same force and properties as executions issued on the judgment of the circuit court. The jurisdiction of circuit courts is limited in actions that may be brought therein to a minimum of fifty dollars in amount, yet they may render judgments for any amount less than fifty dollars if upon the trial or hearing of a case, in which it has jurisdiction it is found proper to do so. And in case an execution issued upon a judgment of the circuit court for a less amount than fifty dollars, and which has been levied on property about the title of which there is doubt or dispute, provision is made for the trial of the right of such property in section 5, chapter 107, Code, which provides that "When property of the value of more than fifty dollars is taken under a warrant of distress, or when property of *any value* is taken under an execution issued by the clerk of the court, and any person other than the party against whom the process issued, claims such property, or the proceeds or value thereof, the circuit court of the county in which the property is taken, or the judge thereof in vacation, upon the application of the officer, when no indemnifying bond has been given, or if one has been given on the application of the person who claims such property and has given such suspending bond as is mentioned in the preceding

section, may cause to appear before such court, as well the party issuing such process, as the party making such claim; and such court may exercise, for the decision of their rights, all or any of the powers and authority prescribed in the first section of this chapter." This provision applies to any execution issued by the clerk of a circuit court, whether issued upon a judgment rendered by said court or by a justice and certified under said section 118, chapter 50. The statute makes the remedy for the claimant of property levied upon for the debt of another clear and plain. The writ of *fieri facias* is given to the court to enable it to enforce its judgments, without it the court would be powerless to carry into effect its judgments when rendered. It will surely not be contended that a proceeding to try the right of property levied upon by virtue of a writ of *fieri facias* issued by the clerk of a circuit court upon a judgment rendered by such court, could be had before a justice either under chapter 50 or chapter 107 of the Code, and it is provided that an execution issued by the clerk on the judgment of a justice duly certified to him by the justice who has the lawful custody of the docket in which such judgment is entered, shall be with like effect as if the judgment had been rendered by the circuit court. There is a similar proceeding provided also by the statute, chapter 50, Code, whereby the disputed title to property levied upon under process issued by a justice may be determined in a justice's court.

It is contended by appellee that certifying the judgment by the justice to the clerk does not take from the justice the right to issue execution thereafter on the judgment from his docket. This is a question that seems never to have arisen or been decided in this Court and does not properly arise in this case. In *Sholts* v. *Judges of Yates County Court*, 2 Cow. 506, it is held that filing the transcript deprives the justice of any further control over the judgment. See also *Diffenbach* v. *Roch,* 2 L. R. A. 829, and cases there cited on this point. The plaintiff in choosing his remedy should have proceeded in the circuit court of Tucker County under chapter 107, Code, or by action on the indemnifying bond taken by the sheriff before selling the property levied upon; the latter is now the only remedy left him. For the reasons herein given the judgment of the circuit court must be reversed, the verdict set aside, and the petition dismissed without prejudice.

*Dismissed.*