## McCALL CO. v. UNSER.

(Supreme Court, Appellate Division, Second Department. May 7, 1909.)

1. JUSTICES OF THE PEACE (§ 189*)—APPEAL—DISPOSITION—MODIFICATION OF ORDER.

Where defendant appealed to the County Court from a judgment for plaintiff in a justice's court, upon its refusal to permit defendant to amend the verification to his answer, and demanded a new trial, but in argument on appeal defendant merely asked permission to amend, and a motion was granted to dismiss the appeal as to the demand for a new trial, a subsequent order of the County Court reversing the justice's judgment and ordering a new trial was improper, as modifying its own order, which is not permissible.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 189.*]

2. JUSTICES OF THE PEACE (§ 189*)—APPEAL—REVERSAL.

Judgment was entered for plaintiff in an action in a justice's court for goods sold, after that court had denied time to obtain an amendment to the verification of the answer, and, on defendant's appeal to the County Court, a motion was granted to dismiss the appeal so far as it sought a new trial; defendant only asking in his argument for permission to amend his verification. The County Court thereafter reversed the judgment and ordered a new trial before the same justice. The nature of the answer did not appear. Code Civ. Proc. § 3064, permits the court, on appeal from a justice's court, to set aside a default judgment and grant a new trial, if it appears that injustice has been done and a satisfactory excuse is given. *Held* that, as defendant admitted his answer was a nullity by acquiescing in the dismissal of his appeal for a new trial, it was error for the County Court to set aside the default and order a new trial, without the nature of the answer appearing, or without a showing that the judgment worked injustice, and a satisfactory excuse for the default.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 189.*]

Appeal from Nassau County Court.

Action by the McCall Company against Frederick Unser. From an order reversing a judgment for plaintiff, and ordering a new trial, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Lincoln B. Haskin, for appellant.

George H. Savage, for respondent.

WOODWARD, J. The plaintiff in this action, by a verified complaint, set out a cause of action for the value of certain goods sold and delivered to the defendant. This action was brought in justice court, and the defendant, it appears from the affidavits, put in an answer, the nature of which is nowhere disclosed. The verification of this answer was defective, in that the venue was laid in New York county, while the oath was administered by a notary public of Nassau county. This, it would appear, was merely an inadvertence, and upon the return day defendant appeared by an attorney and offered this answer. Upon his attention being called to the defective verification, the attorney offered to have the same corrected, and asked to have the case held for this purpose; but the learned justice refused to grant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any time and gave judgment for the plaintiff for the amount claimed. The defendant served a notice of appeal, demanding a new trial. The plaintiff moved to dismiss the appeal in so far as it demanded a new trial, and asked to have the case placed on the law calendar for argument. This motion was granted and an order was duly entered and served; the defendant not appealing from such order.

The learned County Court, in the order now under consideration, recites the fact of this modified order, and it appears that the defendant upon the argument of the appeal merely contended that he should be permitted to amend the original verification nunc pro tunc; but in spite of this situation, and without a single fact, so far as appears from the record before us, to show that any kind of injustice had been done the defendant, the judgment was reversed and a new trial ordered before the same justice. This is, in effect, permitting the County Court to reverse or modify its own order in a case, a practice which this court has recently held not within the province of the Surrogate's Court, and we are of the opinion that it should not be sanctioned here. The defendant, by acquiescing in the order dismissing his appeal in so far as it sought a new trial, conceded that his answer was a nullity, whatever we might think upon that subject if it were now before us, and he was, therefore, in default at the trial.

Section 3064 of the Code of Civil Procedure provides for such a case. He may, by affidavit or otherwise, show that "manifest injustice has been done," and render "a satisfactory excuse for his default," whereupon the court may, in its discretion, set aside the judgment and grant a new trial. How can it be said that "manifest injustice" has been done the plaintiff in this action simply because an answer, the nature of which is not disclosed, has been rejected because of a technical defect? The claim set forth is for goods sold and delivered to the defendant for an agreed and reasonable value, and so far as we are informed the answer may not have raised any issue whatever. The answer should not only appear (Schumpp v. Interurban St. R. Co., 81 App. Div. 576, 81 N. Y. Supp. 366), but it should be made to appear from facts and circumstances that the judgment has worked a manifest injustice, and that, in conjunction therewith, there was a proper excuse for the default. These conditions are required by the statute, and without them there is no jurisdiction in the County Court to exercise its discretionary powers.

The order appealed from should be reversed.

Order reversed, with $10 costs and disbursements. All concur.