(93 Misc. Rep. 472)

## DENOVSKY v. BACH.

(Oneida County Court.   January, 1916.)

1. JUSTICES OF THE PEACE ⬥122(2)—PROCESS—SERVICE—VALIDITY.

Where a summons in Justice's Court was returnable 10 days after its date, but was served only 5 days before the return day, a judgment by default for plaintiff was not a nullity; the justice acquiring jurisdiction upon determining judicially that the service was due and proper, though such determination was erroneous.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 383; Dec. Dig. ⬥122(2).]

2. JUSTICES OF THE PEACE ⬥155(3)—REVIEW OF DECISIONS—TIME FOR APPEAL.

A defendant in Justice's Court, against whom default judgment has been taken, cannot, on an appeal taken more than the 20 days after judgment allowed by Code Civ. Proc. § 3046, take advantage of the irregularity in serving the summons only 5 days before the return day.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 530; Dec. Dig. ⬥155(3).]

3. JUSTICES OF THE PEACE ⬥122(5)—JUDGMENT—VACATION—TIME FOR PROCEEDING.

Under Code Civ. Proc. § 3064, authorizing the setting aside of a default judgment in Justice's Court, if the appeal is taken by defendant, where manifest injustice has been done, and the defendant has rendered a satisfactory excuse for default, the remedy given is not limited to the time allowed for appeal from the judgment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 387, 388; Dec. Dig. ⬥122(5).]

4. JUSTICES OF THE PEACE ⬥122(5)—JUDGMENT—VACATION—GROUNDS.

Where defendant in Justice's Court, on being served with summons, called on plaintiff and was told that she was sued to recover a water bill outstanding against certain premises, and paid the amount of the claim, $10 or $11, and did not learn till several months thereafter that judgment had been entered against her for $137, she was entitled to have the judgment set aside, though the time for appeal had expired.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 387, 388; Dec. Dig. ⬥122(5).]

Appeal from Justice's Court.

Action by Simon Denovsky against Lena Bach.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Lee & Dowling, of Utica, for appellant.

E. & F. E. Lewis, of Utica, for respondent.

HAZARD, J.   The summons in this action was dated February 10, 1915, was made returnable February 20, 1915, and, as appears by the constable's return herein, was *served on the 15th of February, 1915.*   Judgment was entered upon defendant's default on the 20th of February, 1915.   The appeal was taken on the *8th of July, 1915.*

Upon the case coming up for argument at a regular law term of this court, a motion was made to dismiss the appeal, upon the ground that it was not taken within 20 days, as provided by section 3046 of the Code.   Obviously this is true, but appellant seeks to be absolved

from the limitations of that section by making the claim that inasmuch as the summons was not *duly* served, that is, according to the mandate of section 2878 of the Code, the service was a nullity, that it was void, and that it was not a "personal service," and that she is therefore not limited to the 20 days prescribed by section 3046, and, as no written notice of entry of judgment has been served, that the appeal is therefore duly taken. No case is cited in support of this theory, and the appellant admits that none can be found; but a great many cases bearing upon the validity or invalidity of justice's process, and the service thereof, have been cited, and have been examined by me. I have reached the decision, for reasons which will be taken up later, that appellant's default should be opened; and the validity or lack of validity of the service in question, therefore, becomes a matter of grave importance, because, if a new trial is awarded, the question of whether the justice had jurisdiction of the person of this defendant is important, because, if he did not have jurisdiction, or did not acquire jurisdiction in the first place, it would be worse than an idle ceremony to reopen the defendant's default. We have thus the case of a summons correct in form, returnable within a proper time and personally served upon the defendant, *but only 5 days before the return day.*

[1] I do not think it can be said, as appellant contends, that there was not a personal service. But appellant contends that, the service not being within the time provided by the statute was utterly void, it was a nullity to such an extent that no action could have been founded upon it on the part of the justice. The question is important for the reason pointed out above, viz., that if we are to relieve this defendant from her default and grant a new trial, the validity of our action and of all subsequent action herein is utterly dependent upon the question of whether the justice of the peace acquired jurisdiction of the person of this defendant by the personal service upon him of the summons due in form, but served only 5 days before the return day. I have examined a great many cases, but I do not find any one entirely and absolutely in point. I am not without grave doubt on the subject, but I have reached the conclusion that the justice in this case acquired jurisdiction of the person of the defendant.

In New York & Erie R. Co. v. Purdy, 18 Barb. 574, it is held that where the proper process had been regularly issued, and was returned personally served by the proper constable, the justice's authority to proceed is thereby established. It is said that the object of the statute requiring a constable to file his return as to the time and place of service of the summons is to enable the justice to determine whether it was served within the proper time, and in the proper form, and upon the proper defendant; and "the magistrate is to judge from the return, and that alone, whether the process has been served in a manner to give him jurisdiction to proceed." And, if he decides that he has, it is held that he thereby acquires jurisdiction for all the purposes of enabling him to render a valid judgment; but, of course, the judg-

ment may be reversed for an error in that decision, and it was held that such a judgment might not be attacked collaterally, but could be upon appeal.

In Sagendorph v. Shult, 41 Barb. 102, it is held that issuing and serving a summons are both *ministerial* acts, and jurisdiction is not obtained by them. The first *judicial* act of the justice is when he examines the summons to see if it has been properly served, and due return made, and examines the complaint to ascertain the nature of the action and the amount involved, and his decision on those matters is judicial.

In Lindsay v. Tansley, 18 N. Y. Supp. 317,[1] the summons was dated June 22, 1891, more than 12 days before the return day, which was July 6, 1891, and it was claimed that there was no jurisdiction in the justice to enter the judgment which he did. The General Term held:

"This direction of the Code (section 2877) *is not jurisdictional,* but * * * relates to practice and procedure only, and that in order for a party to avail himself of an objection of this character it is incumbent upon him to appear before the justice and to raise the question."

In Nichols v. Fanning, 20 Misc. Rep. 73, 45 N. Y. Supp. 409, the summons was served four days before it was returnable. The court held that the justice is, in the first instance, to decide whether or not the return shows service sufficient to give him jurisdiction, and if it shows sufficient personal service to decide as to jurisdiction, and if the service was not in fact sufficient the judgment may be reversed on appeal.

In Milbanks v. Coonley, 2 N. Y. Supp. 167,[2] it was held by a General Term that if the justice decides, erroneously, that the amounts in controversy are within his jurisdiction, "it is an error, but not fatal to the jurisdiction. It is to be corrected like any other error." See also White v. Place, 40 Hun, 481; Glackin v. Zeller, 52 Barb. 147.

"As a rule defects and irregularities in process issued from a Justice's Court, or in its service or return, do not render the writ void, but voidable, and defendant in order to avail himself of them must appear before the justice, and then make objection [citing Lindsay v. Tansley, 18 N. Y. Supp. 317].[1] Defects which go to the jurisdiction over the subject-matter cannot be cured, but those which go only to the jurisdiction over the person are subject to waiver by the party." 24 Cyc. 246, 247.

"A defect in the form or matter of the summons or other process not absolutely destructive of its validity, or an irregularity or defect in the service of it upon defendant, although material and sufficient to cause the reversal of the judgment on a proper application, does not deprive the court of jurisdiction." 23 Cyc. 1075, citing Treacy v. Ellis, 45 App. Div. 492, 61 N. Y. Supp. 600.

"Although the service of process may have been defective or irregular, the judgment will not necessarily be void. Advantage of such a matter should be

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 63 Hun, 635.

[2] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 49 Hun, 610.

taken by a proper motion or proceeding in the action. It is only when the attempted service is so irregular as to amount to no service at all that there can be said to be a want of jurisdiction." 23 Cyc. 694, citing Pixley v. Winchell, 7 Cow. 366, 17 Am. Dec. 525.

I, therefore, decide that the service of the summons in this case was not a nullity. The return shows proof of personal service upon the defendant, and the justice, it must be presumed, decided that the service was due and proper. In so doing he acted judicially, and, while he made an error, which, beyond all argument would have resulted in the judgment being reversed upon appeal, I have with some difficulty reached the conclusion that by his judicial act he acquired jurisdiction of the person of the defendant who had had a summons, due in form, personally served upon him which was issued by a magistrate of competent authority.

[2] I have reached the conclusion that this defendant is not in a position to take advantage of the palpable error of the justice in entering the judgment upon the service which was made in this case. His right to review that decision expired 20 days after the entry of judgment in question.

[3] I, however, have reached the conclusion that this defendant may be relieved under and pursuant to section 3064 of the Code. It is true that the word "appeal" appears at the outset of the section, and it may seem that the remedy therein provided is available only in case an appeal is taken, and is a procedure incidental to an appeal. Here, again I am unable to find any authorities directly upon this point, viz., as to whether a defendant against whom a judgment by default has been obtained by some fraud or subterfuge is absolutely remediless after the expiration of 20 days from the entry of the judgment. It is hardly possible that the Legislature could have so intended. The very purpose of that section is to relieve a defendant from "manifest injustice" upon his rendering a "satisfactory excuse for his default." In Thomas v. Keeler, 52 Hun, 320, 5 N. Y. Supp. 359, Judge Hardin said:

"The purpose of this statute was to provide a remedy for any fraud practiced, or improper means employed, by a party to induce his adversary not to appear before a justice, either on the return of the summons or at the time to which the trial was adjourned, or when such failure was occasioned by accident or mistake or other misadventure."

If the purpose of section 3064 is as Judge Hardin states it, and with reference to that there can seem to be little or no doubt, it surely could not have been the intention of the Legislature to limit the remedy in question by making it an incident to an appeal, or, in other words, to provide a limitation of 20 days within which a defendant who has been defrauded, deceived, or made a victim of some subterfuge, must obtain the relief of that section, if he is to obtain it at all. It seems utterly unlikely that the Legislature would undertake to provide by section 3064 a means of relief from judgments obtained by fraud and subterfuge, and then put a 20-day limit upon the remedy, by confining its use only to cases in which an appeal had

been duly taken. The futility of such a remedy is obvious, because, if a plaintiff were dishonest enough to procure a judgment by inducing his opponent to default, he would be wily enough to let it rest for 20 days thereafter, after which, if it is true that the relief provided for by section 3064 of the Code can only be employed as an incident to an appeal, the defendant would be utterly helpless. There is no reason for such a construction of the section, except the first two or three words thereof, which I think are declaratory only.

[4] Coming to a consideration of the practice in the case at bar: It is brought on by appellant by a regular notice of argument; but accompanying it is an affidavit of appellant which states that, upon being served with the summons, she called upon plaintiff, asked what she was sued for, and was told that she was sued to recover a water bill outstanding against certain real premises in this city, which she had sold to the plaintiff. She paid the plaintiff the amount which he stated comprised his claim, $10 or $11, and she says that plaintiff agreed that the action should be discontinued, and she therefore paid no more attention to it, and did not know of the judgment until several months thereafter, when an execution was presented to her by a deputy sheriff. It seems that the plaintiff on the return day took a judgment for $137.11, being the amount of some taxes which he also claims defendant should have paid.

Assuming that the defendant's version is correct (although it is denied by the plaintiff), this is a clear case where "manifest injustice has been done," and, again assuming that the plaintiff's version is correct, I would say that she has "rendered a satisfactory excuse for her default." Her time to avail herself of any of the ordinary advantages of an appeal had long expired before she became aware that there was a judgment to appeal from; but I think, upon the authority of Albertson v. Behrend Mfg. Co., 47 App. Div. 232, 62 N. Y. Supp. 640, that this defendant has a right to relief under section 3064, irrespective of the fact that her time to appeal has expired. It is true that case arose in the Municipal Court of the City of Rochester, and appeals therefrom are governed by section 3227 of the Code, and I do not find anything therein differentiating the practice there from the ordinary Justice Court practice, at least as to the point in question. I therefore decide that this defendant is entitled to and should receive the benefit of section 3064, and that the judgment appealed from should be set aside, and a new trial ordered before the same justice at a date which will be fixed in the order.

While the papers upon which this matter has been heard comprise a notice of argument and an affidavit, I think the notice of argument may be treated as a notice of motion, or at least as an application for relief under section 3064. Whether a notice is in form of a notice of argument or a notice of motion is a matter of form only, and not of substance.

As to terms: I am not so closely or entirely convinced of the truth of the appellant's contention that I feel warranted in going any further than deciding, as has been done, that such serious claims are raised as to the way the judgment in question was obtained that it is best it

should be set aside, and the defendant given her day in court. This is a matter of favor to the appellant in a case like this, and, under all the circumstances of this case, I think the above order will be made, with costs to abide the final event.

Judgment reversed, and new trial ordered, with costs to abide event.