THE BAKER R. & L. COMPANY, INCORPORATED, Appellant, *v.* KENEAN BUEL, Respondent.

Second Department, July 1, 1919.

**County Court — no authority to open default in Justice's Court where defendant has not appealed.**

Under section 3064 of the Code of Civil Procedure the authority of the County Court to open a default by the defendant in an action in a Justice's Court, where it is shown "that manifest injustice has been done" is only granted if the defendant has appealed, and this condition cannot be dispensed with.

APPEAL by the plaintiff, The Baker R. & L. Company, Incorporated, from an order of the County Court of Rock-

land county, entered in the office of the clerk of said county on the 19th day of May, 1919, opening a default judgment taken before a justice of the peace against defendant on the 1st day of February, 1919, for seventy-four dollars and forty-eight cents.

Many adjournments had been had before the justice, the last one having been granted on January twenty-fourth, although defendant did not appear. On the final return day, the defendant was again absent. The court directed plaintiff to proceed, and accordingly judgment was taken for the above sum, after which a transcript thereof was filed and docketed in the Rockland county clerk's office and an execution issued to the sheriff of Rockland county. On March 14, 1919, defendant, who had not taken any appeal, moved before the County Court to set aside the judgment. It appeared that he had been absent in Florida. The County Court did not excuse defendant's non-attendance at the trial. Indeed, he said defendant " is in no position to ask the indulgence of this court from his default."

The County Court granted this motion, vacating the judgment with a new trial, on condition that the judgment stand as security and that defendant pay twenty-five dollars costs. The relief granted purports to be under Code of Civil Procedure, section 3064.

*John F. McFarlane,* for the appellant.

*Benjamin Levison,* for the respondent.

PER CURIAM:

What is the power of the County Court to set aside and vacate a justice's judgment, when there has been no notice of appeal? The Code of Civil Procedure, section 3044, declares: " The only mode of reviewing a judgment, rendered by a justice of the peace in a civil action, is by an appeal, as prescribed in this title."

Section 3064 of the Code of Civil Procedure comes from section 366 of the former Code of Procedure. Both sections refer to proceedings upon an *appeal.*

In the Revised Statutes, the provision was that after

docketing the judgment with the county clerk, the clerk should issue executions " under the seal of the Court of Common Pleas of the county; and the power and authority of the justice, in respect to such judgment, shall cease." (2 R. S. 254, § 164; R. S. pt. 3, chap. 2, tit. 4, § 164.) It was also provided that the Court of Common Pleas " shall have the same power to amend every such *execution,* and to control the same in all respects, with the like authority as if it had been issued upon a judgment rendered in such court." (Id. § 166.)

The former Code of Procedure, section 68, repeated this provision, that a judgment so docketed " shall have the same effect as a lien and be enforced in the same manner as, and be deemed, a judgment of the Court of Common Pleas."

In 1860, regarding a Marine Court judgment thus docketed, it was held that the words " and be deemed," introduced by the amendment of 1851 (Chap. 479), are not to be understood as giving the Court of Common Pleas the power of allowing a party to come in and defend, or to set a judgment aside. (*Martin* v. *The Mayor,* 11 Abb. Pr. 295; affd., 12 id. 243; 20 How. Pr. 86.)

Likewise where defendant failed to appear in the Municipal Court of Rochester, so that a default judgment was there entered, but he took his appeal the next day to the County Court where a transcript had been filed, the motion to open the default under Code of Civil Procedure, section 3064, could be made thereafter, as the notice of appeal had conferred on the County Court jurisdiction to entertain the motion. (*Albertson* v. *Behrend Mfg. Co.,* 47 App. Div. 232 [1900]. See, also, *Bennett* v. *Cole,* 173 id. 521.) Notwithstanding certain Special Term decisions (*Denovsky* v. *Bach,* 93 Misc. Rep. 472, and *Moneyweight Scale Co.* v. *Price,* 92 id. 730), we think under Code of Civil Procedure, section 3064, the authority to open a default where it is shown " that manifest injustice has been done " is only granted if the defendant has appealed. This condition cannot be dispensed with. (Code Civ. Proc. § 3044; *Stilwell* v. *Rowe,* 83 Misc. Rep. 297.) As defendant here took no appeal, the learned County Court erred in the order setting aside and vacating this justice's judgment.

The order of the Special Term of the County Court of

Rockland county is, therefore, reversed, with ten dollars costs and disbursements, and defendant's motion to open his default denied.

JENKS, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Order of the Special Term of the County Court of Rockland county reversed, with ten dollars costs and disbursements, and defendant's motion to open his default denied.