MARIE MAGER, Appellant, v. JOSEPH A. WUYTACK, Respondent.

Second Department, October 10, 1919.

Justice's Court — appeal from judgment rendered on default — power of County Court to open default — failure to give evidence excusing default — practice.

Although the County Court on appeal from a judgment of a justice of the peace rendered for a plaintiff on the failure of the defendant to appear at trial has, under section 3064 of the Code of Civil Procedure, discretionary power on proof by affidavit or otherwise that manifest injustice has been done to set aside the judgment and direct a new trial, it cannot do so on a mere statement by the defendant's attorney that the defendant's former attorney failed to appear at trial in the Justice's Court because of illness, that fact not being established by affidavit or other legal proof. The Code contemplates the proof of such fact by evidence sufficient to make it the basis for judicial action.

The court will not take judicial notice of the fact that the defendant's attorney was ill at the time of trial.

In reversing the decree of the County Court the Appellate Division does not affirm the original judgment but remits the case to said court for such further proceedings as may be proper.

APPEAL by the plaintiff, Marie Mager, from an order of the County Court of Nassau county, entered in the office of the clerk of said county on the 10th day of May, 1919, opening defendant's default in appearance before a justice of the peace of Nassau county, setting aside the judgment of the justice in the sum of $109.86, and ordering a new trial before the justice upon the payment by the defendant of $25 costs.

The order was made pursuant to section 3064 of the Code of Civil Procedure.

*Lincoln B. Haskin*, for the appellant.

*James N. Gehrig*, for the respondent.

KELLY, J.:

The plaintiff brought an action against the defendant before a justice of the peace to recover $106.10 for services rendered and money loaned. There was a written complaint

and defendant appeared by attorney and filed an answer, in effect a general denial. The case was set for trial and on the day appointed plaintiff appeared with her lawyer, the defendant appearing and asking for an adjournment, alleging that his lawyer was ill. No proof of the fact was presented beyond defendant's statement; the plaintiff refused to consent to the adjournment; the justice ordered the trial to proceed; and, witnesses having been sworn, rendered judgment for the plaintiff for $109.86. The defendant thereupon retained new counsel who appealed to the County Court pursuant to the Code of Civil Procedure, section 3064. It is there provided that if an appeal is taken by a defendant who failed to appear before the justice either upon the return of the summons, or at the time to which the trial of the action was adjourned, " and he shows, by affidavit or otherwise, that manifest injustice has been done, and renders a satisfactory excuse for his default; the appellate court may, in its discretion, set aside the judgment appealed from, or stay proceedings thereunder, and by order direct a new trial, before the same justice, or before another justice of the same county, designated in the order, at such a time and place, specified in the order, and upon such terms, as it deems proper." The learned county judge on the hearing of the appeal opened defendant's default and set aside the judgment, ordering a new trial of the action before the same justice upon condition that defendant paid $25 costs to the plaintiff.

But no affidavits or proof were presented to the learned county judge showing that manifest injustice had been done the defendant or excusing his default. The order appealed from recites that the new counsel for the defendant " having stated on the oral argument of the appeal why the defendant did not give any proof of his defense at the trial " the appellate court, therefore, opens the default and vacates the judgment appealed from. The reasons given by the new attorney are not stated, but the county judge in his opinion filed with the order says that the record shows a valid defense interposed by the answer, that the defendant asked for an adjournment because of the illness of his counsel and he goes on to say that a reputable attorney has stated the facts as above narrated and he is, therefore, convinced that manifest injustice has been

done and that a satisfactory excuse has been given. Now, without reflecting in any way upon the counsel who made these statements on the appeal, the trouble with the order is that they do not fulfill the requirements of the statute. The default was alleged to be due to the illness of the original attorney for the defendant. That was a matter of fact requiring evidence of some kind if it was to be the basis for judicial action. The court of the justice of the peace was in Nassau county, the attorney's office was in Brooklyn in Kings county. If he was sick and unable to be present it was a valid excuse, but no proof of the fact was presented to the justice. Neither the justice nor the plaintiff was obliged to take the defendant's word for it, and when the appeal came before the County Court three months later no proof was submitted. New counsel, with offices in Nassau county, appeared, and it is said that the new attorney stated on the oral argument " why the defendant did not give any proof of his defense." This is not in conformity with the statute. It is true that the section of the Code referred to provides that the defendant must show " by affidavit or otherwise " that manifest injustice has been done and that he must render a satisfactory excuse for his default. But the discretion conferred upon the county judge is not an arbitrary discretion. The plaintiff stood before the court asserting her right to the judgment rendered in her favor and she was not to be deprived of it upon the mere *ipse dixit* of the new attorney, no matter how reputable or distinguished he might be. Judgments of a court, duly rendered, whether it be a court of record or not of record, are serious matters. The persons in whose favor they are rendered are entitled to the benefits thereof until the judgment is regularly set aside or reversed, but judgments cannot be reversed on request of counsel without evidence of some description, by affidavit or otherwise, entered upon the record. The plaintiff challenged the validity of the excuse offered before the justice, no proof was offered to substantiate it, and three months later it was again offered without proof to substantiate it, by a new attorney having no connection with the original counsel whose alleged illness has caused all this trouble. If he was in fact ill and unable to appear before the justice of the peace, it could easily have been proved by affidavit

at the time.   No legal evidence was offered of the fact then, or before the county judge.

Courts and judges may take judicial notice of various matters in the progress of a litigation, but this was not one of them, and when a court or a judge is to be satisfied of the existence of a fact it must be brought about by legal evidence. There was no proof before the learned county judge of excuse for the original default or that injustice had been done defendant, and the plaintiff is, therefore, entitled to a reversal of the order.   The appellant asks that the court shall not only reverse the order, but also affirm the original judgment.   We think, however, that the proper procedure is to remit the case to the county judge  for such further proceedings upon the appeal as he may deem proper.

The order should be reversed, with ten dollars costs and disbursements, and the case remitted to the County Court of Nassau county for such further proceedings upon the appeal as may be proper.

MILLS, RICH, BLACKMAR and JAYCOX, JJ., concurred.

Order of the County Court of Nassau county reversed, with ten dollars costs and disbursements, and case remitted to said court for such further proceedings upon the appeal as may be proper.