NINA ITZENPLITZ, Plaintiff, *v.* JOHN C. CHASSIN and NORMAN A. CHASSIN, Defendants.

County Court, Erie County, February, 1924.

**Judgments — City Court of Buffalo — County Court without jurisdiction to open default — appeals — City Court Act of Buffalo, §§ 55, 20(18).**

Under section 55 of the City Court Act of Buffalo (Laws of 1909, chap. 570, as amd.) an appeal from a judgment of the City Court of Buffalo must be taken to the Supreme Court.

The power of the County Court over such a judgment is limited to the enforcement thereof after a transcript thereof has been filed in the Erie county clerk's office.

All applications to open default or other judgments of the City Court of Buffalo, after a transcript thereof has been filed in the county clerk's office, should be made directly to said court under section 20(18) of the City Court Act and

the rules of said court which also has power under section 46 of the City Court Act to properly control any situation not provided for by said section 20(18).

The plaintiff having taken a money judgment in the City Court of Buffalo against one of two defendants only, filed a transcript of the same in the county clerk's office and issued an execution to the sheriff. *Held,* that a motion to vacate and set aside an order of the County Court opening the default with leave to defend, will be granted upon the ground that the County Court had no power to grant such an order.

MOTION to set aside order to open a default judgment, taken in the City Court of Buffalo, after filing a transcript in Erie county clerk's office.

*Roy P. Ohlin,* for motion.

*Norman A. Chassin,* opposed.

NOONAN, J. On July 2, 1923, plaintiff obtained a judgment, by default, in the City Court of Buffalo against the defendant Norman A. Chassin only, for twenty-nine dollars and forty-two cents, filed a transcript in Erie county clerk's office and issued an execution to the sheriff of Erie county. On July 26, 1923, said defendant moved in this court to have said default opened and for leave to defend. The motion was granted, and an order to that effect entered. The attorney for plaintiff now moves to vacate and set aside said order on the ground that the court did not have power to grant it. The motion should be granted.

What court has the power to open such a default? This is a puzzling question to many practitioners in this jurisdiction. The City Court Act (Laws of 1909, chap. 570, as amd.) gives this court ample authority for the proper conduct of its business. Under section 20, subdivision 18, the court has power " to open defaults, to vacate, set aside, modify or correct judgments or final orders rendered in said court, or executions or warrants issued thereon, *including a case in which a transcript of the judgment has been filed in the county clerk's office.*" A transcript of judgment " may be filed and docketed in the office of the clerk of Erie county; * * * the time of the receipt of the transcript by said last named clerk shall be noted thereon and entered in his docket, and from that time the judgment shall be a judgment of the county court." § 40. " Appeals in civil causes may be had from judgments of said court or final orders, or orders affecting a substantial right to the supreme court, Erie county, * * *" § 55. " A judgment of conviction * * * may be reviewed by the county court of the county as prescribed in title three, part five of the code of criminal procedure. * * *." § 76.

Section 20, subdivision 18, *supra,* clearly shows where the application to open a default should be made. The confusion is probably

caused by the last part of section 40, which reads: " and from that time the judgment shall be a judgment of the county court." In construing similar, though not verbatim, language, contained in other acts establishing courts of limited jurisdiction, the general trend of the decisions has been to the effect that the judgment becomes a judgment of the County Court only for the purposes of enforcement and establishing a lien on real property, and the County Court has the same control over its enforcement as it has over its own judgments. *Sholts* v. *Judges of County of Yates*, 2 Cow. 506; *Martin* v. *Mayor, etc., of New York*, 11 Abb. Pr. 295, 299; affd., 12 id. 243; 20 How. Pr. 86; *Baker R. & L. Co., Inc.,* v. *Buel*, 188 App. Div. 822.

All acts establishing courts of limited jurisdiction are much alike theoretically, and decisions construing an act are, by anology at least, authority for a like construction of similar acts. It has generally been held that a County Court has no authority to open a default judgment taken in a Justice Court, unless an appeal has been taken. *Baker R. & L. Co., Inc.,* v. *Buel, supra; Albertson* v. *Behrend Mfg. Co.,* 47 App. Div. 232; *Bennett* v. *Cole*, 173 id. 521; Civ. Prac. Act, § 426. The reason for this is admirably stated in *Martin* v. *Mayor, etc., supra,* as follows (p. 299): " When we open one of our own judgments, the case continues in this court, and we have control over it until it is again finally disposed of. Upon setting aside a judgment, the parties are placed in the position in which they were before the judgment was recovered; but if a judgment transferred to this court by the filing of a transcript is set aside, there is nothing more remaining in this court. The judgment of the court below still stands; and the Legislature have not indicated how, or in what way, the cause could be heard again." This is exactly the position of the defendant in this action. The County Court has no power to consider an appeal in a civil case, because that power is given to the Supreme Court by the City Court Act. The only power that the County Court has is in relation to the enforcement of the judgment after the transcript is filed.

It follows that all applications to open default, or other judgments, after a transcript has been filed in the county clerk's office, should be made directly to the City Court under section 20, subdivision 18, of the City Court Act and the rules of the court. The City Court also has power under section 46 to properly control any situation not provided for in section 20, subdivision 18.

Motion granted, and an order may be entered accordingly.

Ordered accordingly.