JAMES CAHANEY, Respondent, *v.* CLARENCE J. O'BRIEN, Appellant.

County Court, Oneida County, December 21, 1934.

*Edward A. Wolff,* for the appellant.

*Arthur & Arthur,* for the respondent.

HAZARD, J. This is in effect a motion for a new trial before the justice; but it has been held that it is necessary in a case like this to take a formal appeal, and that a return be made. (*Kellock v. Dickinson,* 5 App. Div. 515.)

If we were under the old Code of Civil Procedure, the case would be comparatively simple and clear, as section 3064 provided clearly for just this sort of a case; it provided also that affidavits might be used to show that "manifest injustice has been done." Many

decisions were made under that section, some of which are more or less directly in point here, as, for instance, *Young* v. *Conklin* (3 Misc. 122), in which it is held that the appellant cannot succeed in a matter like this unless, at very least, an affidavit of merits, and preferably a proposed answer, - be got into the case. The case holds, correctly enough, I should say, that no case of " manifest injustice " can be made out, without showing that the moving party has a meritorious defense. In *Kellock* v. *Dickinson* (*supra*) it is held that there are two elements which the moving party has the burden of showing, *first*, to present a satisfactory excuse for his default; *second*, " to show by affidavit or otherwise that manifest injustice has been done." To the same effect is *McCall* v. *Unser* (132 App. Div. 371, at p. 372) where an appeal of this sort was thrown out because the situation was " without a single fact, so far as appears from the record before us, to show that any kind of injustice had been done." Unfortunately, all of these cases arose under the old code. When the Legislature came to enact the Civil Practice Act, it is supposed, as per Table of Distribution, that section 3064 was re-enacted, at least in part, into section 453 of the Justice Court Act; but most unfortunately, it seems to me, absolutely all of the language which clearly applies to an effort to open a default in Justice's Court, made in the County Court, has been eliminated. Apparently by its terms that section tells what kind of judgment might be rendered on an appeal on the record. There is nothing about it that indicates it was meant to apply to an effort to be relieved from a default in the court below; neither is there anything about it to indicate an authority for the inclusion in the record of affidavits excusing the default and showing that " manifest injustice has been done."

Two views might be advanced as to the effect and meaning of this omission. One would be that the Legislature did not intend to provide any remedy (in County Court or elsewhere) for one who had got in default in an action before a justice of the peace. The second view might be that the language of section 453 is so broad that it gives the County Court practically unlimited power over any case that is brought to it on appeal. In Clevenger's Justice Court Act, following section 453, appears this: " Editorial notes. Source: C. P. Sec. 3064, rewritten and modified by *extending the provisions of the original section* and authorizing a new trial in Justice's Court *in any case* where an appeal is not for a new trial in the appellate court." (The italics are mine.)

While the situation is far from clear, I feel impelled to follow the statement of the editorial note, and assuming that, notwithstanding the omissions in re-enacting the old Code section 3064,

that when a case is brought here on appeal, this court may excuse a default in the court below, if and when a proper excuse is rendered for the default; and, secondly, it is shown that there are some merits to the moving party's case. The omissions above referred to leave us without criterion as to how these things may be shown. Obviously the record, and the justice's return, will not contain either any data as to why and how the moving party got in default; or secondly, on the subject of the merits of his defense, at least, in many cases it would not; and not in *any* case in which pleadings had not been filed. It is difficult to assume that, notwithstanding the failure to re-enact many of the salient features of section 3064 of the old Code, and I cannot believe that the Legislature intended to leave a defendant against whom a judgment has been entered through an excusable neglect and who has a good defense, without *any* remedy. And the only way in which he could show that he was entitled to relief would be to allow him to file affidavits outside of the return. Clearly, oral statements made upon the motion or argument would not suffice. (*Mager* v. *Wuytack*, 189 App. Div. 104.)

Appellant has filed two affidavits, one by himself and one by his attorney, in and by which it is established that there was a misunderstanding and misapprehension concerning a message left by defendant in his attorney's office, which resulted in the attorney not appearing and the case going by default. While the alleged excuse is not very convincing or satisfying, still I am always in favor of a man having his day in court, if he wants it. Something in the nature of an affidavit of merits has been filed on behalf of the defendant, and, on the whole, I feel that no injustice will be done if the judgment rendered before the justice in the court below is set aside and a new trial ordered.

An order to that effect may be prepared and directing that the parties appear before the same magistrate at a date which will be fixed by me in the order, if the parties cannot agree upon it between themselves.

On the subject of costs, there is nothing about this case which indicates that the respondent is in any way responsible for the default before the justice, and he should not be penalized under such circumstances. I assume the appellant has paid the costs of the justice, including the fee for making the return, and in addition and as a condition for being allowed to open before the justice, I think he should pay to the respondent's attorneys ten dollars costs for the privilege, and the order may so provide.