Fbed J. Mundeb, J.
The plaintiff-respondent moves to dismiss an appeal from a default judgment taken in the Justice’s Court, Town of Brookhaven, for “ failure to bring the appeal to a hearing and argument within the required statutory-period
The appellant asks for a denial of the plaintiff’s motion, and cross-moves for an order directing that a new trial be held in the Justice’s Court.
That the appeal was properly perfected in accordance with all the requirements of article 19 of the Justice Court Act is not questioned.
Section 450 of the Justice Court Act provides the practice for the hearing and dismissal of appeals taken to the County Court in cases where trial de novo is not demanded. (See Szoth v. Green, 155 Misc. 210.) This section provides that the appeal may be brought to a hearing by either party upon a notice of not less than eight days, and further, that it must be placed upon the calendar, and if “ after being regularly placed upon the calendar, neither party brings it to a hearing before the end of the second term thereafter * * * the court must dismiss the appeal”. (Italics supplied.)
In the instant case it does not appear that it was ever placed on the calendar, a step which either party is afforded the privilege of taking in order to dispose of the appeal. Having not exercised that privilege the plaintiff cannot now be heard to complain.
The appeal having been duly taken in accordance with all statutory requirements, this court now has jurisdiction to entertain the motion to set aside the default. (Cahaney v. O’Brien, 153 Misc. 800; see, also, Baker R. & L. Co. v. Buel, 188 App. Div. 822.)
The appellant has established by affidavit sufficient excuse for his default and has set forth sufficient facts indicating a meritorious defense to the action. He therefore is entitled to his day in court.
The motion to dismiss the appeal is denied.
The cross motion to vacate the default and for a new trial in the Justice’s Court is granted.
Submit order.